Studdard v. Wells.

STUDDARD *et al.* v. WELLS, *Executor, et al. Appellants.*

Division One, February 5, 1894.

1. **Conveyances**: CONDITIONS SUBSEQUENT. Conditions subsequent in deeds are not favored in law, and when relied on to work a forfeiture must be created in express terms or by clear implication.

2. ———: ———. Parents conveyed land to their son, reserving to themselves a life estate and reciting in the deed that such son "is to pay the taxes on said land and has to support" the grantors "during their natural lifetime, and at their death," such son "shall have possession of the same." *Held,* that the land was not conveyed on a condition subsequent.

*Appeal from Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*Byron Woodson, Thos. J. Porter* and *Ben J. Woodson* for appellants.

(1) The deed read in evidence, from Charles F. Studdard and Matilda Studdard to Theodore Studdard, is upon conditions. *Lindsey v. Lindsey*, 45 Ind. 553; *Blum v. Bush*, 49 N. W. Rep. 142; *Nolan v. Nolan*, 78 Mich. 24; *Richter v. Richter*, 12 N. E. Rep.; *Stilwell v. Knapper*, 69 Ind. 558; *Leach v. Leach*, 4 Ind. 628; *Wilson v. Wilson*, 86 Ind. 474; *Jenkins v. Jenkins*, 3 Monroe, 327; *Scott's heirs v. Scott*, 3 B. Monroe, 2; *Cross v. Carson*, 8 Blackford, 138; *Messersmith v. Messersmith*, 22 Mo. 369; *Moore v. Wingate*, 53 Mo. 398. (2) The word "condition" is not necessary to create a condition; but if it can be gathered from the instrument that an expectation that the duty imposed on the grantor to pay the taxes on the land and support the grantors during their natural lives was the inducement for the

conveyance and the performance of such duties was the consideration for it, then it should be construed as upon condition. *Wilson v. Wilson, supra*; *Blum v. Bush, supra*; *Stilwell v. Knapper, supra*; *Richter v. Richter, supra.* (3) Charles F. Studdard having continued in possession of the land, no formal entry for condition broken was necessary; the fee remained in him. *Moore v. Wingate, supra; Bank v. Drummond,* 5 Mass. 320; *Blum v. Bush, supra; Rollins v. Riley,* 44 N. H. 9. (4) The legal title of their ancestor having failed, his heirs can not maintain ejectment for the land; their remedy is in equity. *Messersmith v. Messersmith, supra; Moore v. Wingate, supra; Richter v. Richter, supra.* But equity will not relieve against a forfeiture in cases like this; such relief is only granted where the covenant or conditions is to pay money. *Hill v. Barclay,* 19 Vesey, 56; *Easterman v. Batchelor,* 36 N. H. 141. The condition in this case is precedent. The obvious intention was to rely on a previous performance and not on the remedy for nonperformance. *Larimore v. Tyler,* 88 Mo. 667.

*Wilson & Wilson* and *J. W. Coburn* for respondents.

(1) The statement in the deed following the description of the land to the effect that the grantee, Theodore Studdard, was to support the grantors during their lives and to pay taxes on the land, was not a condition precedent, as it did not provide that the services should be performed before the title should vest. 2 Devlin on Deeds, sec. 964, p. 268. (2) Nor was that statement a condition subsequent since it did not provide for any forfeiture on the failure to perform the services. 2 Devlin on Deeds, sec. 958, p. 263. The provisions for a re-entry is the distinctive characteristic

of an estate upon condition.    2 Devlin on Deeds, sec. 974, p. 276. If it is doubtful whether the language imports a condition or a covenant, the latter interpretation is adopted.    6 Am. and Eng. Encyclopedia of Law, p. 902.    (3) Conditions subsequent, having the effect in case of a breach to defeat estates already vested, are not favored in law, and hence always receive a strict construction.    A deed will not be construed to create an estate upon condition, unless language is used which according to the rules of law, *ex proprio vigore*, import a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated.    Conditions are not to be raised readily by inference or argument.    2 Devlin on Deeds, sec. 970, p. 273; 3 Am. and Eng. Encyclopedia of Law, note to page 423; *Chapin v. School District*, 35 N. H. 445. (4) In all the Missouri cases of this character where the right of forfeiture was recognized the deeds were made upon the express consideration and condition that the services were to be performed.    *Messersmith v. Messersmith*, 22 Mo. 373; *Moore v. Wingate*, 53 Mo. 398; *Clark v. Brookfield,* 81 Mo. 503; *Towne v. Bowers*, 81 Mo. 491.

BLACK, P. J.—The plaintiffs, who are the widow and three minor children of Theodore Studdard, brought this action of ejectment against the executor of the last will of Charles F. Studdard and against the tenant of said executor, to recover the possession of eighty acres of land in Platte county.    The judgment being for the plaintiffs, the defendants sued out this appeal.

On the tenth of February, 1873, Charles F. Studdard and his wife, Matilda, by their deed of that date, conveyed the land in question to their son Theodore. The deed uses the words, "grant, bargain and sell," recites a consideration of $3,000, paid by Theodore, and

after describing the land, states: "Said lot or parcel of land is a deed of gift to Theodore Studdard by Charles F. Studdard and Matilda Studdard, said land to remain in possession of said Charles F. Studdard and Matilda Studdard their natural lifetime, and at the death of Charles F. Studdard and Matilda Studdard, said land is the property of Theodore Studdard. The said Theodore is to pay the taxes on said land, and has to support the said Charles F. Studdard and Matilda Studdard during their natural lifetime, and at their death said Theodore Studdard shall have possession of the same."

The other evidence discloses the following facts: At the date of this deed, Theodore and his wife resided on the land, and his father and mother, the grantors, resided with them. The mother died a few years thereafter. Theodore married his second wife, she being one of the plaintiffs in this suit, in 1885; and he died in March, 1888. Theodore managed, conducted and carried on the farm until his death; and during all that time cared for and supported his father and also his mother during her lifetime. The plaintiff, the widow of Theodore, continued to reside on the farm for a period of six months after the death of her husband, and during that time supported and cared for the old gentlemen, who was then eighty-six or seven years of age. Differences then arose between them and she left. The weight of evidence is that he became abusive, took charge of the farm and rented it out. In short there is much evidence to the effect that he compelled her to leave. On the other hand there is evidence to the effect that she left of her own volition. He lived two or three years thereafter, during which time she nor her husband's estate furnished him any support.

Theodore paid the taxes on the land from 1873 to 1887. As has been said, Theodore died in March, 1888.

On June 10, 1889, the old gentleman executed a will, whereby he constituted one of the defendants his executor, and made a disposition of this land different from that specified in his former deed.

The deed from Charles F. Studdard and his wife to their son Theodore, conveyed the land to him, reserving to the grantors therein a life estate. It took effect as a conveyance upon its delivery; for there is nothing in it in the nature of a condition precedent. This is clear. The question then arises whether the deed conveyed the land to Theodore upon a condition subsequent, and this presents the most important question in the case, for if not upon a condition subsequent the judgment should be affirmed.

Questions arising out of conditions subsequent have been before this court frequently, but in most of the cases the conditions were clearly expressed, as in *Messersmith v. Messersmith*, 22 Mo. 369; *Moore v. Wingate*, 53 Mo. 398; *Clarke v. Brookfield*, 81 Mo. 503; *Ellis v. Kyger*, 90 Mo. 600; *O'Brien v. Wagner*, 94 Mo. 94. In these cases words of condition were used or there were clauses of re-entry or reverter. It is a familiar rule often asserted in the books that conditions subsequent are not favored in the law, because they have the effect in case of breach to defeat vested estates; and when relied upon to work a forfeiture they must be created in express terms or by clear implication. 2 Wash. on Real Prop. [5 Ed.], 7; *Morrill v. Railroad*, 96 Mo. 174. And courts will construe clauses in deeds as convenants rather than conditions, if they can reasonably do so. 2 Wash. on Real Prop. [5 Ed.], 4. It is also true that the question whether a clause in a deed is a condition or covenant, is one of intent to be gathered from the whole instrument by following out the object and spirit of the deed or contract. *St. Louis v. Wiggins Ferry Company*, 88 Mo. 618.

Now the substance of this deed is, that the grantors convey the land to their son, reserving to themselves a life estate, with the further statement that he is to pay the taxes and support the grantors during their lives, and at their death he is to have possession. No apt or appropriate words to create a condition are used; nor is there any clause of forfeiture or of re-entry or of reverter. We are unable to find anything in this deed, whether we treat it as a gift, or as made for a money consideration, which will justify us in saying it is a deed upon condition subsequent. To say the stipulation in the deed to pay the taxes and support the grantors is a condition subsequent, the nonperformance of which will defeat the estate granted, is to make a stipulation for the parties which they did not see fit to make for themselves. This we can not do.

In our opinion the trial court should have directed a verdict for the plaintiffs, and with this conclusion it is useless to speak of the instructions which were given and refused. The judgment is affirmed. BARCLAY, J., not sitting, the other judges concur.