## ANDERSON et ux. v. GAINES, Appellant.

### Division One, June 12, 1900.

1. **Consolidation of Suits.** Where one suit is in equity by the grantors to set aside a deed on the ground that the grantee has broken the covenants and agreements which were the consideration for the deed, and the other, by the grantee, is an action at law sounding in damages on the ground that the grantee has been denied possession under his deed, the suits can not be consolidated.

2. **Setting Aside Deed:** CONDITIONS BROKEN. In a suit to set aside a deed the petition stated that in consideration of the defendant's covenant and agreement to support plaintiffs during the remainder of their lives they conveyed the property in question to him by their warranty deed and that he had failed to keep his covenant, wherefore a cancellation of the deed is prayed. There was an allegation that the grantee is insolvent, but no charge of fraud or improper influence on the part of the grantee to obtain the deed. *Held*, that the petition is not sufficient to support a decree setting aside the deed and a demurrer thereto should have been sustained. The grantor's remedy in such case is a suit for a breach of the covenant.

3. ————: PLEADING DEED IN HAEC VERBA. A petition in a suit to set aside a deed should state the legal effect of the deed and not set it out in *haec verba*.

4. ————: CONSIDERATION FOR DEED: PROMISE OF INSOLVENT GRANTEE: PERFORMANCE. The promise of an insolvent grantee to render a valuable service is a sufficient consideration to support a deed, and a deed, given in consideration of a promise to support the grantor during his lifetime, vests the estate in the grantee. The title is not held in abeyance until the performance of the promise, nor. divested for non-performance. (Whether, in case the grantor sues the insolvent grantee for a breach of the covenant, the court could subject the property to a payment of the damages awarded, is not decided, since such decision is not necessary for a proper disposition of this case).

5. ————: SUIT FOR DAMAGES: FINDINGS: NON-RESPONSIVE DECREE. Plaintiffs brought suit to set aside a deed made to defendant in consideration of his covenant to support them during their lives, alleging that he had failed to keep this agreement. About the same time defendant brought suit against the grantors, alleging that upon the faith of said deed he and his wife moved in and took possession of the premises and began to perform his agreement to take care of plaintiff, but that they without lawful reason drove him and his wife away, took everything from them, and refused to live with them or allow them to return, to his damage in the sum of $1,000. The court consolidated the suits, and in its decree found that the grantee had in good faith attempted to carry out the contract on his part, but that it was "impracticable for said contract to be carried out as intended by the parties," and it is therefore set aside and the grantee awarded $300 for "the damages he had sustained in trying to carry out the contract." Held, that, the finding that the grantee had honestly tried to carry out the contract is wholly inconsistent with the theory on which plaintiffs ask relief, nor is the finding for damages responsive to any issue in the pleadings in either suit.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. J. Cope* for appellant.

(1) A general warranty deed, like the one in question, can only be set aside when it is procured by fraud or undue influence, or by mistake, and such fraud, undue influence and mistake must be charged in the petition, and not only charged, but must be proved as charged. Brown v. Fickle, 135 Mo. 405; Taylor v. Crocket, 123 Mo. 300; Weiss v. Heitkamp, 127 Mo. 23; Rogers v. Ramey, 137 Mo. 598. (2) The statement in the deed following the description of the land, to the effect that the grantee was to support the grantors during their lifetime and provide them with necessary medical attention, can not control this deed, for the reason that it was not a condition precedent, as it did not provide that the services should be performed before the

title should vest. Studdard v. Wells, 120 Mo. 25; 2 Devlin on Deeds, sec. 964, p. 268. Nor was that statement a condition subsequent, since it did not provide for any forfeiture on failure to perform the services. The provision for a reentry is the distinctive characteristic of an estate upon condition. 2 Devlin on Deeds, sec. 974, p. 276. (3) Conditions having the effect, in case of a breach, to defeat estates already vested are not favored in law and hence always receive a strict construction. A deed will not be construed to create an estate upon condition unless language is used which, according to the rules of law, *ex proprio vigore*, import a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. 2 Devlin on Deeds, sec. 970, p. 273; 3 Am. and Eng. Ency. of Law, note, page 423. (4) Again, the court erred in its finding for plaintiffs for the further reason that it does not find that defendant either failed or refused to comply with his contract. It is true that the finding recites that it was impracticable to carry out or perform the contract, but this is a mere bold conclusion without the recitation of any facts which show the impracticability or impossibility of such performance. Wherein was it impracticable or impossible? Brinkerhoff v. Elliot, 43 Mo. App. 185; Beatie v. Coal Co., 56 Mo. App. 221; Terte v. Maynard, 48 Mo. App. 463; Hall v. School Dist., 24 Mo. App. 213; Harrison v. Railroad, 19 Mo. App. 401.

*C. E. Grosse* and *W. P. Elmer* for respondents.

VALLIANT, J.—Suit in equity to set aside a deed.

The petition states substantially that in February, 1897, the plaintiffs, husband and wife, made a deed conveying certain land in Dent county and all the personal property owned by them to defendant; "that the whole consideration

as expressed and agreed upon by plaintiffs and defendant," was that defendant should support and maintain the plaintiffs during their lives; that defendant has failed and refused to do as he agreed; that he is insolvent and unable to respond in damages for the breach of his agreement; that plaintiffs are old and helpless and without other means of support. The prayer of the petition is that the deed be cancelled and the title revested in plaintiffs. Defendant demurred to the petition, but the demurrer was overruled, and he answered, in effect admitting the execution of the deed and denying all the other allegations of the petition.

About the same time this suit was begun, in fact four days before, the defendant Gaines filed a suit against the plaintiff Charles Anderson based on the deed above mentioned and complaining that upon the faith of the deed he had married, as it was understood he was to do, and that he and his wife moved on and took possession of the premises and the personal property and began to perform his agreement to take care of the plaintiffs, but that the latter without lawful reason, drove him and his wife off the premises, took everything from them, and refused to live with them or allow them to return to the place, to his damage $1,000, for which he prayed judgment. Charles Anderson answered denying the allegations of that petition. There is a statement in the appellant's abstract to the effect that the court of its own motion consolidated the two suits, but if there was any such order it is not shown in the abstract. The final decree in the case is as follows:

"Now this day come the plaintiff and defendant and announce themselves ready for trial, and the cause being tried before the court, and the court having heard the evidence finds that the defendant, W. N. Gaines, has attempted in good faith to carry out the contract on his part, and has not refused to execute the same, but that owing to the condi-

tions that exist it is impracticable for the said contract to be carried out and executed as intended by the parties to the same, and that said contract, in equity and justice, ought to be set aside and annulled. But that said defendant ought to have and recover all damages sustained by him in attempting to carry out said contract. It is therefore considered and adjudged by the court that the said contract and deed made thereunder be set aside and for naught held, and that defendant have and recover of and from, the plaintiff, Charles Anderson, the sum of $300 damages sustained by him, together with the costs in this action, which is declared to be a lien and charge on the land, to-wit, the southeast quarter of the southwest quarter and the north half of the southwest quarter of section sixteen, township thirty-three north, range six west, and that special execution issue therefor."

There are in the abstract what purport to be motions for a new trial and in arrest of judgment by defendant Gaines, and recitals that they were overruled, but there is no bill of exceptions in the case. The record shows an appeal by defendant properly taken. In this condition of the record we have nothing to consider but the pleadings, the order overruling the demurrer and the final judgment or decree.

I. · The only authority in our code for the consolidation of suits is contained in section 2189, Revised Statutes 1889, *idem*, section 749, Revised Statutes 1899, which is: "Whenever several suits founded alone upon liquidated demands, shall be pending in the same court by the same plaintiff, against the same defendant, or whenever several such suits are pending in the same court, by the same plaintiff against several defendants, the court in which the same shall be prosecuted may, in its discretion, if it appear expedient, order such suits to be consolidated into one action."

Neither of these suits was of the character referred to in that section. Neither was founded on a liquidated demand. One was a suit in equity to set aside a deed. The other an action at law sounding in damages. Nor was the wife, who was a plaintiff in the equity suit, a party to the law suit. It was error to have ordered their consolidation.

II. The demurrer should have been sustained to the petition in the equity case. The petition is not sufficient to support the judgment or decree rendered nor indeed any judgment or decree for the plaintiffs.

It states in effect that in consideration of the defendant's covenant and agreement to support and maintain the plaintiffs during the remainder of their lives they conveyed the property in question to him by their warranty deed and that he has failed to keep his covenant, wherefore a cancellation of the deed is prayed. There is no charge of fraud or improper influence on the part of defendant to obtain the deed, but merely a statement that he has failed to keep his covenant and that he is insolvent.

The petition is drawn in violation of the rules of good pleading in that instead of stating its legal effect the deed is set out *in haec verba*. From this it appears that it is a deed of general warranty from plaintiffs to defendant "in consideration of the sum of one dollar and other considerations hereinafter mentioned, to them paid by the said party of the second part the receipt of which is hereby acknowledged do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part his heirs and assigns, the following described lots, tracts or parcels of land," etc., concluding with the usual comprehensive habendum clause and covenants for title.

Following the description of the land in the deed is this clause: "This deed is made by the parties of the first part and accepted by the said party of the second part under this

express condition and agreement: That the said W. N. Gaines is to keep, support, maintain and care for the said Charles Anderson and Ida Anderson during their lifetime; furnish them with proper food, raiment and necessary medical attention during their lifetime, and after the death of the said Charles Anderson and Ida Anderson, all of said real estate to be held and enjoyed by the said party of the second part." That clause expresses the real consideration of the deed. The pleader has not ventured to put his interpretation on the deed, by stating its legal effect; so that we do not know whether it is contended by the plaintiffs that it was a conveyance in trust for their benefit for life and after their death to the sole use of the defendant, or that the complete performance of the agreement to support was a condition precedent to the vesting of the estate, or that that agreement was a condition subsequent, for the non-performance of which the estate might be forfeited. But the pleader has been content to simply exhibit the deed and say that the plaintiffs "have fully complied with all the conditions on their part but that defendant has wholly failed and refused to perform his contract," in that he has failed to furnish subsistence to the plaintiffs and that he is insolvent and therefore the court is asked to cancel the deed.

The promise of even an insolvent man to render a valuable service is a sufficient consideration to support a deed, and if the deed is given in consideration of the promise the estate conveyed vests in the grantee, the title is not so held in abeyance until the performance of the promise, nor divested for a non-performance. It was competent for the parties if they had seen fit to so agree to make the performance of the promise a condition precedent to the vesting of the estate or its non-performance a condition subsequent for which the estate might be divested, but when they choose to make the promise itself the consideration, the grantor's only remedy

is a suit for a breach of the covenant. Whether in case the
grantee break his covenant and is insolvent, yet still holds
the property conveyed in the deed, a court of equity could
subject it to payment of the damages awarded need not be
answered here; it is sufficient now to say that for that reason
the court can not rescind the contract or cancel the deed.
[Studdard v. Wells, 120 Mo. 25; Taylor v. Crockett, 123
Mo. 300; Brown v. Fickle, 135 Mo. 405.]

There is no charge in this petition of fraud or unfair
advantage taken by defendant; and there is no clause in the
deed looking to a forfeiture, a re-entry or reverter. There
is nothing in the petition upon which a decree for the cancel-
lation of the deed can be founded.

As there is no bill of exceptions in the case we do not
know what the evidence showed. But taking the findings
of facts as contained in the decree they were not sufficient to
justify the conclusions of law therein expressed. The court
therein finds that defendant has in good faith attempted to
carry out the contract on his part "but that owing to the
conditions that exist it is impracticable for said contract to
be carried out and excuted as intended by the parties to the
same, and that said contract, in equity and justice, ought to
be set aside and annulled." What those conditions are that
render the performance of the contract on the part of de-
fendant impracticable is not shown. It is certainly not a
contract in legal contemplation incapable of being per-
formed. We see from the court's finding that the defend-
ant has honestly tried to discharge his obligation and whether
the impracticability of doing so is the result of his inability,
or of his being driven away by the plaintiffs, as he avers in
his suit, does not appear. There is no general finding for
the plaintiffs on the issues joined, but only the special find-
ing above mentioned, which, as we have seen, as far as it
goes, is for the defendant. The decree then goes on to say

that the defendant ought to recover the damages that he has sustained in attempting to carry out his contract and assesses the same at $300, which is totally inconsistent with any theory of fault on his part and therefore inconsistent with the theory on which the plaintiffs ask relief.   But the finding is not responsive to any issue in the pleadings in either suit.   The defendant in his suit claims damages for having been driven off of the premises and deprived of the property real and personal covered by the deed; he also makes mention of having gotten married to fit him for the duties he had assumed towards the plaintiffs, but he made no claim for expenses incurred in trying to take care of the plaintiffs before they drove him off.   The decree was that the deed be annulled and defendant recover of plaintiff Charles Anderson $300 and the same was charged as a lien on the land.

The learned chancellor who tried this case had the parties before him, heard the evidence and doubtless knew a great deal more about it than we do, and we have no doubt but that, freed from the technical restraints of the law, as a matter of somewhat untrammeled arbitration, the decree as rendered is the wisest and most just disposition that could be made of the controversy, preventing further strife and trouble and saving both parties from the evil consequences of an improvident contract, still we can not approve it without violating those rules of equity jurisprudence which though technical are found by long experience to accomplish the greatest justice in their general application to the affairs of mankind.

The judgment is reversed and the cause remanded to the circuit court with directions to dismiss the plaintiffs's bill in the equity case without prejudice to their right to sue upon the contract in question at law or in equity as they may hereafter be advised upon any theory except the theory of

their petition in this case, and that the action at law involved herein be proceeded with as if no consolidation of the two causes had been made.    All concur.