## JULIA A. CARNEY v. G. W. CARNEY.

### (*Nashville.* December Term, 1917.)

1. **DEEDS. Construction. Conditions of support. Passing of title. Remedy.**

   A deed, conditioned that grantee support the grantor, passes title immediately, and it is immaterial that there is a condition whereby the land would revert to the grantor for a breach; the remedy of the grantor being in equity by means of a lien on the land, and not by rescission. (*Post, pp.* 651-653.)

   Cases cited and approved: Goodman v. Skelton, 2 Tenn. Ch. App., 284; Carney v. Carney, 196 Pa., 34; Robertson v. Neuman, 2 Tenn. Ch. App., 181.

2. **JUDGMENT. Scire facias to enforce. Defined purpose.**

   *Scire facias* is a judicial writ, grantable by the court of original pendency, where, from the death of parties or otherwise, execution is necessary to enable a party who has secured a judgment to obtain the benefit of it, and it affords the debtor the opportunity of showing that the judgment has been satisfied of limitation has run. (*Post, pp.* 653-654.)

3. **JUDGMENT. Scire facias to enforce. Parties terre-tenant.**

   Where, subsequent to judgment awarding land to another, the judgment defendant conveys the land to one who goes into possession, the latter is properly joined as a party defendant in a *scire facias* proceeding, and he may set up defenses. (*Post, p.* 654.)

4. **LIMITATION OF ACTIONS. Right under judgment. Suspension by injunction.**

   Where a divorced wife was awarded land as alimony, but the court enjoined execution thereof by reason of a condition in the husband's title that his grantor was entitled to life support out of the land, limitations did not run against the wife during the life of such grantor. (*Post, pp.* 654, 655.)

Carney v. Carney

5. **DIVORCE.  Alimony.  Scire facias to enforce.**

*Scire facias* for writ of possession is proper to enforce decree of divorce as to land awarded to wife and children, but possession of which was enjoined during the life of the husband's grantor entitled to support, although both the husband and wife were dead and *scire facias* was brought by the children; the death of the parties not affecting the right of enforcing part of a divorce decree divesting and vesting the title of land. (*Post, pp.* 655, 656.)

Cases cited and approved: Hess v. Sims, 9 Tenn., 143; Knapp v. Knapp, 134 Mass., 353; Coffman v. Finney, 65 Ohio So., 61; McCollum v. McCollum, 48 Tenn., 565.

FROM DAVIDSON

Error to the Circuit Court of Davidson County.— Thos. E. Matthews, Judge.

A. F. Whitman, for appellant.

Jno. H. De Witt, for appellee.

Mr. Justice Williams delivered the opinion of the court.

The above-entitled cause is a divorce suit, which was disposed of by a judgment of the circuit court in the year 1888. The questions now standing for disposition arise at this late date on an application made in the circuit court for a writ of *scire facias* to revive, for enforcement by the issuance of a writ of possession.

In the original divorce proceeding by Julia A. Carney against her husband, G. W. Carney, she was granted an absolute divorce and awarded alimony. As a part of alimony the husband's farm, located in Cheatham county, involved on this appeal, was assigned; the title being divested out of him and vested in Julia A. for and during her natural life, and at her death to go "to such of her children as may then be living and the issue of such as may be dead, share and share alike."

This tract of land had been conveyed in 1883 to the husband, G. W. Carney, by a deed of his mother, Elizabeth, and his old maid sister, Unity P. Carney. The deed is set out below. The mother of the grantee died in 1883, shortly after making the deed; but Unity P. Carney survived until August, 1915. G. W. Carney and his divorced wife, Julia A., died before that date.

A writ of possession issued in 1888 to put Julia A. Carney in possession, but its execution was enjoined by G. W. Carney and his sister, Unity P., on the grounds that the deed of conveyance by the latter (and the mother, who had died before the bill was filed) to G. W. Carney was based on his convenant to support Unity P. during her natural life, and that the only source of support or means of complying with that agreement was for G. W. to operate the farm in question.

The chancellor in 1889 passed a decree, in the chancery court of Cheatham county, sustaining that con-

tention and enjoining the execution of the writ of possession during the life of Unity P.

On the death of Unity P. in 1915, the surviving children of Julia A. and G. W. Carney made application for the writ of *scire facias* already referred to; and Jessie C. Carney was made one of the defendants, he being a son of G. W. Carney by a subsequent marriage, who was in possession of the land under a claim of right and title.

The circuit judge at the hearing sustained the appellants' right to *scire facias* and to a revivor of the old decree of divorce for enforcement by way of writ of possession. His judgment was reversed by the court of civil appeals, and the case is before us on petitions for *certiorari.*

The court of civil appeals based the reversal on two grounds. The first concerns the effect of the deed of Unity P. Carney and mother to G. W. Carney, which deed is as follows:

"For the love and affection that we have for our son and brother, G. W. Carney, and for the further consideration that he agrees and binds himself to take care of us during our lives, we give unto him all the land we own, with the understanding that he is to pay all the debts we owe, and if he fails to do so enough of the land is to be sold to pay them.

"Our lands lie in two tracts [here describing same.] The said G. W. Carney is to take good care of us and improve the places, and, in case he fails to do so, we reserve the right to take the places

from him and dispose of them as we please, paying him whatever is right for the work he may have done; and what personal property he may gain during our lives is to be his at our death, and he is to defray all burial expenses and any other expenses that may accrue to us during our lives.  Sept. 19, 1883.

"ELIZABETH CARNEY.

"U. P. CARNEY."

The court of civil appeals held that no title vested in G. W. Carney by reason of the execution of this deed; that in order for him to obtain title it was necessary to discharge the obligation to support the grantors.  The theory of that court evidently was that compliance by the grantee was a condition precedent to vestiture of title.

This is an erroneous view. The principles governing in this jurisdiction a conveyance the consideration for which is the support of the grantor or grantors are as follows:

(a) Upon delivery of such a deed the title vests in the grantor.  Compliance on his part is not a condition precedent. *Goodman* v. *Skeleton*, 2 Tenn. Ch. App., 284.

(b) Ordinarily the provision for support is not treated as a condition subsequent, though the instrument may be so framed as to make it so. We need not determine in the pending case whether the provision in the deed "reserving the right to take the places from him and dispose of them as we please" is the legal equivalent to a stipulation of the right

of forfeiture and re-entry as upon breach of a condition subsequent, since the grantors never undertook to declare a forfeiture or to re-enter; and no one else has a right to do so. *Carney* v. *Carney*, 196 Pa., 34, 46 Atl., 264.

(c) Such provisions for maintenance of support are usually deemed to be covenants, and their performance treated as constituting the consideration that supports the deed; and therefore the grantor's remedy is to enforce the payment of the consideration by a bill to have the amount of a reasonable support, or the amount due by reason of a partial lack of support, ascertained. 8 R. C. L., p. 1112.

(d) That amount will be enforced as a lien on the land. *Goodman* v. *Skeleton,* supra; *Robertson* v. *Newman,* 2 Tenn. Ch. App., 181.

(e) Cancellation or rescission of the deed is not the remedy, even where there has been a total failure to support, unless, of course, the deed was taken by the grantor with no intention to comply.   Same authorities.

In event such a grantee die before the grantor, the fact that he can no longer or fully perform the agreement to support the grantor during the latter's natural life will not defeat the estate of the grantee for equity will protect the interest of both parties, grantor and grantee, by determining the amount awardable as compensation and enforce its payment as a lien on the land conveyed.

Carney v. Carney

Perhaps on no other head of the law are the decisions in the several jurisdictions as variant or in as much conflict as they are in regard to the rights of a grantor in a deed which contains a provision for his support.   Some courts hold that there is an implied condition subsequent; others that the remedy on failure to support is to rescind for fraud; others grant cancellation or rescission for failure of consideration; others hold that specific performance is the proper relief.

In several other States the rule we adopt is administered.   We think that this rule is productive of juster results.   It is elastic enough to meet the equities of both grantor and grantee, while some of the other doctrines are not.   In its application, the chancellors will not be unmindful that the grantors are usually old or infirm persons, and entitled to the solicitude and tender regard of the court when it comes to measuring the recovery sum, to the end that it may represent compensation, fair and not too stintingly doled.

A writ of *"scire facias"* to enforce a judgment or decree is a judicial writ, grantable by the court of original pendency, where, from the death of parties or otherwise, execution (fi. fa., writ of possession, etc.) is necessary to enable the party who has secured the judgment to obtain the benefit of it.   It is a proper process when a judgment has been obtained, and execution remains to be done, but cannot be effectually accomplished in ordinary mode by rea-

son of events subsequent to the rendition of the judgment. The procedure for the writ affords the debtor or person proceeded against an opportunity to show, if he can, that the decree has been satisfied, or, if he cannot, to avail of the statute of limitations or other allowable defenses.

A "terre-tenant," properly to be brought in by *scire facias,* is one who has a substantial interest or estate in the land, coupled with the actual possession, which he has derived mediately or immediately from the judgment defendant after the land was affected or bound by the judgment or decree. 23 Cyc., 1455.. Jesse C. Carney, who was in possession holding by deed mediately under G. W. Carney, therefore, was properly joined as defendant in the writ; and he was, of course, entitled to set up defenses.

The statute of limitations was not available as a defense in this case, since the execution of the decree awarding the land as alimony was suspended by force of the injunction which was sued out by his privy and prevented the writ of possession being served during the life of Unity P. Carney.

The court of civil appeals held that a divorce decree may not be revived by *scire facias,* even in order to enforce that feature of it which relates to alimony.

The argument of that court, in its opinion is, in substance, to this effect: Both the husband and wife, parties to the decree for divorce, having died, since the rendition of the decree, the decree itself is dead

and incapable of being revived. "Where it is sought to revive a decree, the whole decree must be revived, and not a part of it."

The fundamental idea is that, because both parties to the status affected by the dissolution of marital bonds in the decree of divorce are now dead, the decree is wholly incapable of being revived. This disregards the fact that the divorce decree had two phases (*McBee* v. *McBee,* 1 Heisk. [48 Tenn.], 558) —one affecting personal status; the other fixing property rights by way of allowance of alimony. As to the land so awarded, title to which was divested and vested, a writ of possession was ordered to issue to put the wife in possession. It is not to be doubted that, in suits where title to lands are so dealt with,*scire facias* will lie for execution by writ of possession. *Hess* v. *Sims,* 1 Yerg. (9 Tenn.), 143.

*Scire facias* has been held to be an appropriate, though not exclusive, process to obtain the execution, against the estate of a deceased husband of a decree for alimony granted to the wife in the decree of divorce rendered against the husband in his lifetime. *Knapp* v. *Knapp,* 134 Mass., 353; *Coffman* v. *Finney,* 65 Ohio St., 61, 61 N. E., 155, 55 L. R. A., 794  See, also, *McCollum* v. *McCollum,* 1 Heisk. (48 Tenn.), 565, note.

If this were not true, the title to the land vested in Mrs. Julia Carney and her children would stand to be defeated, because the court has not power to make effectual its own decrees—a thing inconceivable.

Other assignments of error are disposed of in a memorandum for decree.   Grant writ of *certiorari,* reverse the judgment of the court of civil appeals, affirm that of the circuit court, and remand for accordant proceedings.