### ROSEK v. KOTZUR et ux. (No. 7223.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1924. Rehearing Denied Jan. 7, 1925.)

**1. Appeal and error ⬅➔930(3)—Issue of fact not submitted to jury resolved in appellee's favor, where no other issues requested.**

Where only one issue was submitted to jury and there was no request for additional or special issues, under Rev. St. art. 1985, every issue of fact not submitted to jury is resolved in appellee's favor.

**2. Gifts ⬅➔49(4)—Evidence held to show parol gift of land in præsenti, followed by possession and valuable improvements.**

Evidence held to show parol gift of land in præsenti by father to daughter, accompanied with possession, and upon which donee made valuable permanent improvements.

**3. Gifts ⬅➔34—Donee of incumbered land not obliged to discharge incumbrance, in absence of express agreement.**

In absence of express agreement to contrary, a donee of incumbered land takes property with its incumbrance, but without obligation to discharge same.

**4. Gifts ⬅➔34—Payment of incumbrance by donee to be obligatory must be part of consideration of gift.**

Before donee of land can be required to discharge incumbrance thereon, it must be part of consideration of gift.

**5. Deeds ⬅➔145—Grantee's promise to grantor construed as covenant, and not "condition subsequent," unless clear language to contrary.**

Before a promise by grantee to grantor will be treated as "condition subsequent," it must clearly appear by apt language in conveyance itself, and must provide that breach will destroy estate and reinvest it in grantor, and, in absence of such covenant, promise will be construed as covenant and not condition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condition Subsequent.]

**6. Deeds ⬅➔145—Breach of "covenant" gives grantor right of action for damages, but not cancellation and reinvestment of title.**

A "covenant" is a promise upon which a conveyance is executed, breach of which gives grantor right of action for damages, together with right to charge property with lien therefor, but not right of cancellation and reinvestment of title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Covenant.]

**7. Deeds ⬅➔165—Breach of condition subsequent reinvests title in grantor.**

A breach of a condition subsequent, attached to land with apt language, reinvests grantor with full title.

**8. Deeds ⬅➔19, 145—Agreement to support grantor is a covenant; remedy for breach of agreement to support is enforcement of judgment therefor as lien and not cancellation.**

An agreement to support grantor is a covenant, in absence of language making it condition, and remedy for breach thereof is to ascertain value of promised support and enforce judgment as lien, cancellation not being remedy, even though there is total failure of support, unless agreement was expressly made condition subsequent or promise was fraudulently made.

**9. Deeds ⬅➔145—Grantee's promise to grantor construed as covenant in case of doubt.**

In case of doubt, a grantee's promise to support grantor will be construed as a covenant and not a condition subsequent, and presence of clear language providing for forfeiture and re-entry is necessary before promise constitutes condition subsequent.

**10. Deeds ⬅➔19—Trusts ⬅➔35(3)—Grantor may enforce grantee's promise to permit latter to live on land, but not entitled to rescission, in absence of express provision of forfeiture.**

Where grantee promises to support grantor and permit him to live on land, latter has right to live on land and burden it with equitable, lien, upon denial of such right; but, where there was no express provision of forfeiture, grantor is not entitled to forfeiture and rescission.

**11. Gifts ⬅➔25—Finding that improvements made by donee in good faith held warranted.**

Finding that improvements made by donee of land were made in good faith was warranted, where they exceeded reasonable rental value of land, and amounted to substantially 40 per cent. of value of land.

**12. Gifts ⬅➔25—Rental value of land conveyed as gift cannot be offset against improvements in reliance thereon.**

The rental value of land conveyed as a gift cannot be offset against value of improvements made in reliance upon gift.

**13. Gifts ⬅➔25—To sustain verbal gift of land, improvements must reasonably compare with value of land, which is question of fact.**

To sustain verbal gift of land, where donee goes in possession and makes improvements relying on gift, value of improvements must bear reasonable proportion to value of land being improved, and what constitutes reasonable proportion under all the circumstances is a question of fact.

---

⬅➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action in trespass to try title by John Kotzur and wife against Adam Rosek. Judgment for plaintiffs, and defendant appeals. Affirmed.

Warren W. Moore and Fred W. Moore, both of Austin, for appellant.

Saunders & Whipple and Arnold & Cozby, all of San Antonio, for appellees.

COBBS, J. Annie Kotzur and her husband, John Kotzur, appellees herein and plaintiffs in the court below, brought this action in trespass to try title against this appellant, Adam Rosek, defendant in the court below, for the recovery of a certain tract of land, more particularly described in their petition, known as the Maggot farm, situated in Bexar county, Tex., praying the court to award them said land and that their title be cleared of any clouds created by assertions of title by this appellant. It was alleged in said appellees' petition that appellant held title to said land by virtue of a deed from C. O. Maggot and Eloise Maggot, dated November 26, 1915, duly recorded in the deed records of Bexar county, Tex., and that at the time of said purchase this appellant gave said appellee Annie Kotzur, his daughter, the above-described property; it being alleged that it was a parol gift and in præsenti, and that appellees moved on the land and made improvements of the value of $4,000. Appellees also stated in said petition that—

"Said gift was made verbally by the defendant to his daughter, unconditionally, and the said plaintiffs agreed and stated that when the defendant should become old and incapacitated for work, that the plaintiffs would take care of him in his old age."

Appellant answered with a plea of not guilty and generally demurred, further pleading that the agreement as alleged by appellees showed on its face that no consideration moved from plaintiffs to defendant, that it was in violation of the statute of frauds, that appellant made no gift but made a verbal rental agreement with appellees, renting said property to them at $100 per year, they agreeing to cultivate and improve same, and later, on November 20, 1919, that he entered into another oral contract with appellees whereby they agreed to pay him $400 per year, without improvements, which last contract he alleged was renewed for each November of the years following, to wit, 1920, 1921, and 1922. He averred that he made demands on appellees for said rentals, but none were paid; by reason whereof he claimed appellees owed him some $1,900, which it was stated exceeded the value of all improvements made by appellees by some $400. It was shown that appellees were occupying said land at the time suit was filed, and in concluding his answer appellant asked by way of cross-action that he be given damages for the unlawful detention of said property by appellees, together with said sum of $400. and possession and title to said property. He alleged same to be worth approximately $15,000.

The cause was submitted on special issues, only one interrogatory being propounded to the jury, which read substantially as follows:

"Question No. 1. Did the defendant, Adam Rosek, on or about November 26, 1915, verbally give the Maggot farm to his daughter, Annie Kotzur? Answer yes or no."

The jury answered said question, "Yes."

Appellant filed a motion for judgment, which was overruled by the court, he reserving his exception, and, upon judgment being rendered for appellees as prayed for by them, filed a motion to set aside the verdict and grant him a new trial, which was also overruled; appellant duly reserving his exception thereto and giving notice of appeal to the Court of Civil Appeals, Fourth Supreme Judicial District at San Antonio, Bexar county, Tex. Said appeal was perfected by the filing of a supersedeas appeal bond by appellant on January 31, 1924; and he now asks that this cause be reversed because of errors committed by the lower court in the trial thereof, and because of insufficiency of the evidence, and that it be rendered against said appellees or remanded for further trial, as this court shall see fit.

[1] There were no exceptions to the pleadings presented; no bills of exception whatever were taken to any matter during the entire trial. Only one issue was submitted to the jury, and no requests for additional or special issues were presented by appellant. Hence, as provided by article 1985, R. S., every issue of fact not submitted to the jury must be resolved in favor of appellees. Texas Electric Ry. Co. v. Barton (Tex. Civ. App.) 213 S. W. 689; Gonzales v. Flores (Tex. Civ. App.) 200 S. W. 851; Fort Worth Ry. Co. v. Miller (Tex. Civ. App.) 201 S. W. 1049. Keeping in mind these well-established rules, we will dispose of the assignments and propositions in a general discussion of the entire case, bearing in mind that appellant denies there was a parol gift of the land to appellant's daughter, Mrs. Annie Kotzur, the wife of John Kotzur, appellee herein. Appellant only assigns error and presents propositions on the one single issue submitted to the jury, and says that the verdict and judgment predicated thereon are not supported by the evidence; for the reason that the evidence conclusively showed that, if there was a gift, it was not in præsenti and was not such a gift as that specially pleaded by appellees, there being no immediate delivery as appellees alleged.

[2] In applying the facts to the verdict of

the jury in this case, they fully support the finding that it was a present parol gift of the land, accompanied with possession, upon which appellees made valuable permanent improvements. The proof shows that appellant bought the land on the 26th day of November, 1915, and gave the same to his daughter the next day, and appellees moved on and took possession of the place December 23, 1915, being about 27 days after the alleged gift. They lived on the land continuously thereafter, claiming to own it, which was well known to appellant, and occupied, cultivated, and made valuable improvements on the land, on a claim of right, until dispossessed thereof through the means of sequestration proceedings instituted on February 5, 1923, by appellant. Therefore they remained in possession, using, occupying, and claiming it as the property of Mrs. Annie Kotzur, and making valuable and extensive improvements for an undisturbed period of over seven years.

At the time of the gift to his daughter, appellant resided in California, from where he came to Texas to buy the land for his daughter, and after purchasing same returned to California to live. Appellant had previously indicated to his daughter his desire to help her financially, and made an offer to either give her $3,000 in money or buy her a farm. And the testimony shows that the appellee Annie Kotzur is the appellant's only child, and that when she was a mere baby the appellant and his wife separated and the appellant moved to California; the mother retaining the child. The testimony shows that the father did not become acquainted with his daughter until she married in 1911, and then he became acquainted with her and formed an affection for her, and evidently was filled with a desire to help her. At the time of her marriage in 1911, he offered her either $3,000 in cash, or if she would wait a few years he said he would give her a farm. She elected to wait, and the testimony shows that the idea of buying the farm was kept alive and was written about from 1911 until 1915, when, in response to a letter from John Kotzur that he had found a place that would suit, the appellant came to Texas and inspected the place, but was not entirely satisfied with it, and then the son-in-law and appellant looked for another place, and finally found the farm which is the subject-matter of this litigation.

Mr. Kotzur testified that in 1911, when he married, the appellant, Mr. Rosek, suggested the idea of giving his daughter something, and inquired whether his daughter would rather have $3,000 in cash, or wait several years and get a farm. She elected to wait several years for the farm. Then, in 1914, a year before the gift in question, the appellant wrote the letter in which he states that if he could find the right kind of farm that would suit the daughter, he would buy it for her. In response to a letter, the appellant came to Texas to buy the farm for his daughter. When he arrived, the appellant and his son-in-law took a buggy and drove over to look at the farm, and after inspecting it he bought it.

Appellees, at the time of the gift, were renters, but they gave up such rented premises to work, and did take possession of, the land in controversy and paid all taxes thereon for the first three years.

[3, 4] When appellant purchased the land he paid in cash about $4,000 and the balance of the consideration was paid by him in one or two years thereafter, being five or six years before appellant undertook to revoke the gift. No question has been raised as to the validity of the gift on the ground that the land was paid for by appellant after the gift. That would not be material anyway, because, in the absence of an express agreement to the contrary, the donee of incumbered land takes the property with its incumbrance, but free from any obligation to discharge the same. Corpus Juris, vol. 28, pp. 647–655. It would be a very naked gift indeed, if the donee be required to burden himself with a large purchase-money debt, probably equal to the value of the land itself, which he would be required to discharge before he could enjoy the fruits of the so-called "gift." Before a donee can be required to assume, pay off, and discharge incumbrances, it must be a part of the consideration of the gift, which would amount practically to a purchase in lieu of an absolute donation.

The appellant stated one of his purposes in donating the place was because he did not wish appellees to be renters. Appellee John Kotzur testified as follows:

"He told me and my wife we should move now on the place and improve the place and work just like on our place. He said after he gets too old to work he wants to come back and stay with us; I told him that is all right, I am willing to keep him. We, that is, my wife and I, thanked him very much for the place, because we was glad we did not have to pay rent on the place or nothing like that."

Appellant takes the position that the words indicating a desire or purpose to live with appellees on the premises after he got too old to work created an estate with a condition subsequent, the breach of which would cause a forfeiture so as to reinvest appellant with the entire estate. The record fails completely to show any evidence even remotely of any such agreement. To treat them as mere renters or lessees would be in clear antagonism to all the evidence, and in entire conflict with the idea that appellant was making a donation to his only long-neglected child.

[5] It is well settled by a long line of authorities, not necessary to cite here (some of

which appellees cite in their brief), that before a promise will be treated as a "condition subsequent," to destroy the conveyance, it must clearly appear by apt language in the very conveyance itself, and it must provide that such breach would operate to destroy the estate and reinvest it in the grantor. Hence, in the absence of such a covenant, the promise must be construed as a mere covenant and not a condition.

[6] The difference and the reason therefor is that a "covenant" is a promise upon which a conveyance is executed, and a breach gives the grantor a right of action for damages, together with the right to charge the property with a lien therefor, but does not give the right of cancellation, to have the land changed back to him.

[7] A condition subsequent, attached to land with apt language, has the effect upon the breach thereof of reinvesting the grantor with full title. Here no demand has been made upon appellees, by appellant, to be permitted to live with them on the premises, so that they would be called upon to grant or refuse such request. It is not shown that appellant even desires to live with his daughter, or that she would refuse him. But it does appear that appellees are perfectly willing that he should do so, and that they would be glad to have him.

[8] Agreements to support the grantor are covenants, in the absence of language making them conditions. The remedy therefore in the event of a breach is to ascertain the value of the promised support and enforce the judgment as a lien on the land. Cancellation is not the remedy, even though there was a total failure to support, unless such agreement was expressly made a condition subsequent in the covenant itself, or unless the promise was fraudulently made at the time with no intention to carry it out. Cox v. Combs, 51 Tex. Civ. App. 346, 111 S. W. 1069; South Texas Tel. Co. v. Huntington, 104 Tex. 350, 136 S. W. 1053, 138 S. W. 381; Robinson v. Faville (Tex. Civ. App.) 213 S. W. 318; Glen Rose v. Glen Rose, 58 Tex. Civ. App. 435, 125 S. W. 379; Carney v. Carney, 138 Tenn. 647, 200 S. W. 517; Shafer v. Shafer (Mo.) 190 S. W. 325; Anderson v. Gaines, 156 Mo. 664, 57 S. W. 726; Studdard v. Wells, 120 Mo. 25, 25 S. W. 201.

[9] Even in cases of doubt or ambiguity in the promise it will be construed as a covenant and not a condition. So the presence of language quite direct and clear, expressing the agreement providing for a forfeiture and re-entry, is necessary before the promise constitutes a condition subsequent.

[10] Appellant has the right to live on the land, and can burden it with an equitable lien, if he should be denied that right; but because there is no express provision of forfeiture reserved for such purpose in any conveyance the right of forfeiture and rescission is not available to him. Robinson v. Faville (Tex. Civ. App.) 213 S. W. 318; Anderson v. Gaines, 156 Mo. 664, 57 S. W. 726.

[11] The appellant's contention that the improvements must be made in good faith is met and shown in the affirmative here. The land was worth $11,000 at the time of the gift, and the jury was warranted in concluding that the value of the improvements placed thereon by the donee in reliance on the gift aggregated $4,000, and that the reasonable rental value of the land was about $400 a year, which for the seven years would make $2,800. Therefore the value of the improvements exceeded the rental value of the land to the extent of about $1,200. The jury was further warranted in concluding that the value of the land itself, as improved, was increased from about $11,000 to about $16,000.

As the land was worth $11,000 at the time of the gift, and as the improvements placed thereon by the donor in reliance on the gift amounted to $4,000, the ratio of the improvements to the value of the land is practically 40 per cent.

[12] The rule in Texas is that the rental value of the land cannot be offset against the value of the improvements made in reliance upon the gift. Carleton-Ferguson Dry Goods Co. v. McFarland (Tex. Civ. App.) 230 S. W. 215; Wells v. Davis, 77 Tex. 636, 14 S. W. 237; Texas Pacific Coal Co. v. Hamil (Tex. Civ. App.) 238 S. W. 672; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586; Baker Ex'rs v. De Freese, 2 Tex. Civ. App. 524, 21 S. W. 965; La Master v. Dickson, 91 Tex. 593, 45 S. W. 1; Davis v. Portwood, 20 Tex. Civ. App. 548, 50 S. W. 615.

[13] To sustain a verbal gift of land, where the donee goes in possession of the land and makes improvements relying on the gift, the value of the improvements must bear a reasonable proportion to the value of the land being improved. What is a reasonable proportion under all the circumstances is a question of fact, as the courts have never undertaken to define the precise ratio that the value of the improvements must bear to the value of the land.

We think the case has been properly disposed of. There is no reversible error properly saved and presented, and the judgment of the trial court is affirmed.