The Rose Hill and Evanston Road Company

*v.*

The People *ex rel.* W. N. Lawless.

*Filed at Ottawa November 14, 1885.*

1. CORPORATION—*evidence showing incorporation.* Where the certificate of intention to incorporate a company to construct and keep in repair a plank or gravel road, made in 1859 or 1860, has been destroyed, as well as the record thereof, and parol evidence is resorted to to prove its contents, it is not necessary that the testimony shall be so full as to the substantial statements of such certificate as that it might thereby be reproduced, but it will be sufficient if it shows the certificate contained the statements required by the statute.

2. Where a company took steps to effect an incorporation, under the act of 1859, to construct and keep in repair a road, with toll-bridges, and that, claiming to be incorporated, it built its road, and has operated the same as a toll-road since about the year 1860, during all which time the use of the road as a toll-road was acquiesced in by the public, some presumption may be drawn from such continued acquiescence in aid of the parol testimony showing the contents of the certificate of incorporation, after its destruction and all copies thereof by fire.

3. SAME—*statute of 1859 construed as directory.* The provision in section 17 of the act of 1859, relating to corporations, that "any company formed under this act shall file a copy of their by-laws, signed by the president and secretary of such company, and a list of the stockholders therein, and the amount of the stock signed, as aforesaid, in the county clerk's office," etc., is but directory, and is not a requisite to incorporation. Upon compliance with section 1 of the act the incorporation became complete.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WILSON & MOORE, for the appellant.

Mr. WILLIAM LAW, Jr., for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 16th day of June, 1884, an information in the nature of a *quo warranto* was filed by the State's attorney of Cook county, in the Superior Court of that county, against the Rose Hill and Evanston Road Company, charging that the company, without warrant of law, was usurping the franchise of being the proprietors of a toll-road, for the purpose of operating the same by the collection of tolls thereon. Upon the hearing without a jury, the court rendered a judgment of ouster, from which defendant took this appeal.

The company claims to have become incorporated under the general law of 1859, which provides as follows: "Any number of persons, not less than five, intending to construct, maintain and keep in repair a plank, gravel or macadamized road or pike, by electing not less than three nor more than nine of their number a board of directors, and by filing a certificate of their intention, signed by them, stating therein the names of the board of directors so elected, their term of office, the corporate name and style assumed, the amount of capital stock, the kind of road or pike, and its general route, in the office of the county clerk of the county or counties in which the proposed road or pike may be, may become and be a body politic and corporate for the purpose therein stated, by the corporate name and style assumed, and by such name and style they and their associates and successors shall have succession for a period not exceeding thirty years." The remainder of the section and act relates only to the powers of such corporation, among which are those of erecting and maintaining toll-gates on the road and collecting tolls.

It appears that late in the year 1859, or early in the year 1860, a number of persons, not less than five, resolved to incorporate under this general law; that they elected three directers, chose the name of the Rose Hill and Evanston Road Company, fixed the amount of their capital stock, which was subscribed for and issued, and filed a certificate, under the act, in the office of the county clerk of Cook county. The company took possession of a public highway, then known as the old Green Bay road, running from Diversey street, in the town of Lake View, to a point at Rose Hill, opposite the Rose Hill cemetery. Some three years later the same road was extended to the south limits of the village of Evanston, all in Cook county, in this State. The putting of the road in repair and preparing it for travel was begun a short time before the certificate was filed, as above stated, and completed soon after, and from that time to the present, with only one or two brief intermissions, when the road, during the progress of repairs, was thrown open temporarily, that company has continued to operate the road as a toll-road, collecting tolls for its use, without any objection by the people, so far as the record shows, until the commencement of this proceeding. In October, 1871, the records of the county clerk's office of Cook county were destroyed by fire. At the same time the company's books, which contained a transcript of the certificate, and all the proceedings for the incorporation, were also burned. The only question presented for consideration is, whether there was filed in the office of the county clerk of Cook county a certificate signed by the corporators, containing the statements required by the statute.

The witness Sherman, who was at that time the secretary of the company, and who personally filed the certificate with the county clerk, and afterwards transcribed it into the records of the company, testifies definitely that the certificate was signed by the five corporators; that it gave the names of the directors; stated the corporate name of the company, the

Rose Hill and Evanston Road Company, the amount of the
capital stock, the description and limits of the road. The
witness could not give the name of the fifth corporator who
signed the certificate, he stating the names of four, and he
gave the names of two only of the directors, not recollecting
the name of the third, and he was not able to state what the
amount of the capital stock was. It was not necessary the
testimony should be so full as to the statements in the cer-
tificate, that from it the certificate could be reproduced as it
was. It was enough for the evidence to show satisfactorily
that the certificate contained the statements required by the
statute. We really see no defect in the direct proof as show-
ing this, unless it may be as to the directors' term of office,
and as to the kind, and general route of the road. As respects
these, the witness says the certificate stated the limit of the
directors' term of office; that his impression is the term was
three years; that they drew cuts as regards the first terms,
and that they elected directors every year,—so that it seems
the directors' term of office was fixed; that the certificate did
state something in regard thereto, and it may be presumed
that the statement was of the term of office, as the statute
required. The witness says the certificate stated the object
of the corporation substantially for the purpose of establish-
ing a road to be used as a toll-road; that the certificate gave
the general location of the road and its limits, from the city
limits to Baer's tavern. The witness does not state definitely
that the kind of road was mentioned,—whether plank, gravel
or macadamized; but he states that part of the work was done
upon the road before the certificate was filed,—that gravel and
clay had been drawn on the road for the formation of the bed,
and negotiations had for the gravel to gravel the road with.
Thus it seems the road was a gravel road in progress of being
constructed at the time the certificate was filed, and, presum-
ably, the kind of road was stated in the certificate, as required
by the statute. Mr. Page, an attorney, testified that he had

examined the copy of the certificate which had been transscribed into the company's books, and states the contents substantially as the other witness. He states also that he examined the certificate in connection with the statute; that it was in the ordinary form of a certificate of incorporation; that it was regular on its face, and complied with the statute so far as he was able to tell. The fact shown, that the certificate was drawn up by an attorney, who would be likely to make it conform with the statute, and the long time of acquiescence in the use of the road as a toll-road by the company, aid in the presumption which may be made at this distance of time, to supply any deficiency which appears in the proof of the contents of the certificate, and that the company was duly incorporated.

Under all the evidence, and the presumptions which may properly be made from the circumstances, we are entirely satisfied that the certificate filed in the county clerk's office sufficiently complied with the statute in its statements, and that the company became incorporated under the general law. The provision of section 17 of the act, that "any company formed under this act shall file a copy of their by-laws, signed by the president and secretary of such company, and a list of all the stockholders therein, and the amount of the stock, signed as aforesaid, in the county clerk's office of the proper county," etc., is but directory to the company, and not a requisite for its incorporation. Upon compliance with section 1, above quoted, the incorporation becomes complete. We think the court below must have erred in exacting too full proof of the contents of the certificate.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*