The Missouri Pacific Railway Company v. Simons & McCarty.

No. 399.

1. Agency — Evidence. — See evidence uncontradicted held sufficient to prove that W. was the chief engineer and superintendent of construction of a railway in time of its construction.

2. Proof of Agency.—Agency can not be proved by the acts and declarations of the agent, and this rule may extend to the proof of the extent of the agency; but in some cases the rule is modified, e. g., in case of acts of an agent engaged in the construction of a railway. In such case the character of the business, the manner in which such work is usually carried on, and the manner in which the work in question was carried on, is competent, in order to determine or ascertain the powers impliedly conferred upon the agent.

3. Same.—Where an agency is once proved to exist, it is presumed to be general and not special.

Appeal from Williamson. Tried below before Hon. W. M. Key.

In this case Chief Justice H. C. Fisher was disqualified. Associate Justice Key did not participate. Hon. L. J. Storey, Sr., was appointed special justice. The facts are given in the opinion.

S. R. Fisher, for appellant.—The court erred in finding that a contract had been entered into between the Missouri Pacific Railway Company, acting through one Wathen, and Springall, because the evidence before the court did not establish the agency of Wathen for the Missouri Pacific Railway Company, its nature or scope, and the findings are without evidence to support them. Coleman & Davidson v. Colgate, 69 Texas, 92; Wright v. Doherty, 50 Texas, 42; Latham v. Pledger, 11 Texas, 439; Mech. on Agency, secs. 100, 101, 102.

A. S. Fisher, J. W. Parker, and John C. Townes, for appellees.—Agency may be proved by the acts and declarations of the agent, when made with the knowledge of the principal and acquiesced in by him. Where such acts and declarations are open and notorious, and are of such character, relate to such matters, and continue for such length of time, and have such concomitant circumstances as to show conclusively that the principal must have knowledge thereof, they are always admissible as evidence of agency in behalf of one who has acted thereon in good faith and to his prejudice, and in absence of controverting proof are conclusive as to such

fact. Collins v. Cooper, 65 Texas, 464; Mech. on Agency, secs. 83, 84,. 112, 118, 135, 146, 148, 153, 157, 160, 164, 167, 168; 1 Am. and Eng. Encycl. of Law, 340, 341, and notes; Reynolds v. Collins, 78 Ala., 94; Proctor v. Tows, 115 Ill., 138; Railway v. Wilcox, 66 Ill., 417; Singer Co. v. Holdfodt, 86 Ill., 455; Franklin v. Ins. Co., 52 Mo., 461; Ketchum v. Verdell,. 42 Ga., 534; Bank v. Dandride, 12 Wheat., 64.

L. J. STOREY, SR., SPECIAL JUDGE.—Appellees brought this suit in the District Court of Williamson County, against W. E. Springall and the Missouri Pacific Railway Company, to recover the value of certain goods, wares, and merchandise sold and delivered by appellees to Springall, the contractor for the construction of the Taylor, Bastrop & Houston Railway, and to recover the amount of a certain time check executed by said Springall to one L. Thomas, November 20, 1886, and by him transferred and delivered to plaintiffs.

The case was tried before the court without the intervention of a jury, and judgment was rendered for appellees, who were the plaintiffs in the court below, for $1706, interest, and costs.

No judgment was rendered against W. E. Springall, and he recovered his cost of plaintiffs, and from this judgment the Missouri Pacific Railway Company appealed.

This judgment was based upon the findings of the court as to the facts and law of the case, which are as follows:

"Fact.—1. The account sued on is correct, and the several items therein stated were at the times stated sold to defendant Springall, and were worth the several sums charged therein for them; that same is due and unpaid, and plaintiffs have demanded payment of same from both defendants before bringing this suit.

" 2. The Taylor, Bastrop & Houston Railway is a domestic corporation, incorporated under the laws of Texas, and was such at the date of the institution of this suit, and in 1886, when the same was being constructed between Taylor and Bastrop; and it is the same road referred to in plaintiffs' petition as the Taylor, Elgin & Bastrop road.

" 3. Subsequent to the accrual of the account and indebtedness sued on, a contract, founded upon a valuable consideration, was entered into between defendant Springall and Major Wathen; acting for the defendant Missouri Pacific Railway Company, in which said Wathen agreed that said railway company would pay to plaintiffs the amount owing by defendant Springall on said account.

" 4. At the time of making the agreement last above referred to, said Wathen was the chief engineer and superintendent of construction of the defendant Missouri Pacific Railway Company, and for said company had charge of the construction of the Taylor, Bastrop & Houston Railway,

then being constructed from Taylor to Bastrop, and had authority to enter into said contract for said defendant Missouri Pacific Railway Company.

"5. The consideration for the contract stated in the third finding was as follows:   The Missouri Pacific Railway Company owed Springall, and Wathen, for said company, agreed to pay plaintiffs' claim and other claims against Springall out of its indebtedness to him, and in a settlement with him retained more than enough money to pay plaintiffs' debt.

"*Law.*—1. The defendant Missouri Pacific Railway Company having agreed with defendant Springall to pay the account sued on out of money owing by said company to Springall, said agreement, though verbal, is not within the statute of frauds, and plaintiffs, though not a party to the agreement, can sue thereon.

"2. Plaintiffs are entitled to judgment for $1221.70, with interest at 8 per cent per annum from January 1, 1887, to July 13, 1891, and at 6 per cent per annum since that date, against the defendant Missouri Pacific Railway Company, and no judgment should be rendered against Springall."

The only questions submitted for our consideration by appellant are:

"1. Did the court err in the admission of testimony touching the agency of Wathen for the Missouri Pacific Railway Company, and his authority to bind it by contract to pay the debt of Springall to plaintiffs?

"2. Does the testimony relating to said agency, if properly received, warrant and support the findings that Wathen was the agent of the Missouri Pacific Railway Company, clothed with authority to bind it by contract to pay Springall's debt to plaintiffs?"

And in support of appellant's position, the following assignment of errors is presented in its brief.   All other questions are expressly waived. We quote these assignments as they occur in appellant's brief, as follows:

The sixth assignment:   "The court erred in its third, fourth, and fifth findings of facts, in finding that a contract had been entered into between the Missouri Pacific Railway Company, acting through Wathen, and Springall, because the evidence before the court did not establish the agency of Wathen for the Missouri Pacific Railway Company, its nature or scope, and the findings are without evidence to support them."

There is no conflict in the evidence whatever.   The question is as to the admissibility and sufficiency of the evidence.

General Walker and Major McLaurin were the original projectors of the Taylor, Bastrop & Houston Railway, and the defendant, W. E. Springall, was the contractor to build the road from Taylor to Bastrop.   Under this contract the railway company was to secure the right of way and furnish the iron for the construction of the road, while the contractor, Springall, was to do everything else necessary to complete the road ready for the cars.   Under this contract the road was finished up from Taylor to Elgin,

or nearly so, and then, about the 16th day of July, 1886, Walker and McLaurin sold out all of said railway franchises to the Missouri Pacific Railway Company, upon condition, in part, that the Missouri Pacific Railway Company would pay the contractor, Springall, for all work done and material furnished by him, etc., then estimated at $10,566.33. There was then due by Springall to subcontractors about $2000.

Springall then made a new contract with the Missouri Pacific Railway Company, in substance continuing his former contract with Walker & Co.; that is, to construct the road to Bastrop, etc. This contract, in substance, provided, among other things, that monthly estimates were to be made of the work, price of all material furnished, and upon completion of the work the contractor was to be paid the balance due him on final settlement, after deducting all payments made on monthly estimates made by the engineer; payment to be made at the office of the railway company at Taylor, upon the contractor rendering clear receipts to the railway company from all subcontractors and employes on said work, and owners of material used, releasing the railway company from all liability to said subcontractors, laborers, or owners of material used, etc. It was also provided, that a per cent of the amount due to contractors was to be held back by the company until the final settlement. These monthly estimates were to be made under the direction of the engineer of the company.

When Springall first began the construction of the road he made arrangements with appellees and other merchants to let his subcontractors and laborers have supplies on his orders. These orders were never as much as the amounts due the payee. These accounts due the merchants were O K'd by Springall and paid by the company, and charged up to the contractor, Springall. This, in substance, was the system begun and obtained during the entire time in the construction of the road from Taylor to Bastrop.

Major Wathen was the chief engineer and superintendent of construction of this road from the time it was sold to the Missouri Pacific Railway Company, and acted as such. This fact is not left to inference, as contended by appellant, from the declarations and acts of Wathen.

In one place in Springall's testimony he says, that "Major Wathen, the chief engineer and superintendent of construction of the Taylor and Bastrop portion of the Missouri Pacific Railway, served me with notice, saying the work was not progressing at a satisfactory rate * * * to insure its completion in accordance with the contract." This resulted in the contractor putting on more teams and laborers.

In another place in his testimony this witness says, "that Major Wathen was at the time the chief engineer and superintendent of construction of this Taylor and Bastrop branch or division of the Missouri Pacific Railway, and he represented the said company in all transactions concerning

the building of this railway; that is, this Taylor, Bastrop, and Houston branch.''

These and other statements made by this witness clearly prove that Major Wathen was the chief engineer and superintendent of construction for this new branch of the Missouri Pacific Railway; and he does not leave this fact to be inferred from the acts and declarations of Major Wathen, but states it as a fact. We therefore conclude, that the fact that Major Wathen at that time was the chief engineer and superintendent of construction is an established fact, there being no evidence whatever conflicting with the statement made by Springall.

The next question, as to the extent of the authority of this chief engineer and superintendent of construction to contract and pay debts of the character of the one sued on, is a more difficult question, and to some extent involves the question as to whether we can look to the acts and declarations of Major Wathen to ascertain the extent of his authority.

We are aware that the general rule is, that the agency can not be proved by the acts and declarations of the agent. This is no doubt the general rule, and it may extend as well to the proof of the extent of his authority. Coleman & Davidson v. Colgate, 69 Texas, 92; Wright v. Daugherty, 50 Texas, 42; Latham v. Pledger, 11 Texas, 439; Mech. on Agency, secs. 100–102.

But these are only general rules, and we think in some character of cases the rule is somewhat modified. For instance, in a case like this, where the principal is an artificial individual—a railroad corporation. It works alone through agents, and in the construction of long lines of railroads it spends millions of money. Every dollar it receives and pays out must be received and paid out by an agent; every contract it makes, and every duty it performs must be made and performed through some representative or agent. To determine the extent of authority conferred upon such an agent is often difficult, and in a case like this it often becomes necessary to consider the character of the business, the manner in which it is usual to carry on the work, and the manner in which it was carried on in order to determine or ascertain the powers impliedly conferred upon the agent.

Every agency '' carries with it or includes in it as an incident all the powers which are necessary or proper or usual as means to effectuate the purpose for which it was created;'' and where an agency is once shown to exist it is presumed to be general and not special. Sharp v. Know, 48 Mo. App., 169; Collins & Douglass v. Cooper, 65 Texas, 465; Reynolds v. Collins, 78 Ala., 94; Proctor v. Tows, 115 Ill., 133; 1 Am. and Eng. Encycl. of Law, 340, 341, and notes; Railway v. Wilcox, 66 Ill., 417.

Again, in the case of Fowlds v. Evans, 54 Northwestern Reporter, 743, it is said: '' As a general rule, the fact of agency can not be established

Vol. VI. Civil—40

by proof of the acts of the pretended agent, in absence of evidence tend-
ing to show the principal's knowledge of such acts or assent to them; yet
when the acts are of such a character and so continued as to justify a
reasonable inference that the principal heard of them and would not have·
permitted the same if unauthorized, the acts themselves are competent
evidence of agency." And we think they are also evidence of the ex-
tent of the agent's authority in the creating and paying of debts for the·
construction of this road.

In the case at bar this agent paid out many thousands of dollars on sim-
ilar accounts'O K'd by Springall; and in those cases, as in this, he retained
the amounts out of the money due the contractor, Springall; and after·
the work was completed, upon settlement with Springall, this agent paid
Springall $8000 after deducting the amounts of the claim here sued on,.
which had been O K'd by Springall and presented to Wathen for pay-
ment. He knew its existence, recognized its validity, deducted it from
the amount due the contractor, and agreed that it should be paid.

This manner of conducting the business, and the fact that Wathen, the·
chief engineer and superintendent of construction, in the discharge of
these duties, ascertained the amount of money due by the railway com-
pany, to whom due, and when ascertained paid the same, amounting, as·
we have said, to many thousands of dollars, the violent presumption will
not be indulged that he was paying this money out of any but the funds·
of the railway company. On the contrary, these acts of the agent were·
such "as to justify a reasonable inference that the principal heard of
them and would not have permitted the same if unauthorized."

Upon the question of agency and the extent of the agent's authority, the·
appellant offered no evidence whatever, but rested the case upon the idea
that appellees had failed to prove that Major Wathen, its agent, was·
clothed with authority to contract for the payment of the debts sued on..

Appellant contends, that in this case the agency was proved alone by
the acts and declarations of the agent himself. But such is not the case..
Nowhere in the record do we find a statement made by Wathen that he
is the agent, nor any statement made by him as to the extent of his au-
thority to create and pay debts for appellant.

The proof is positive and uncontradicted that he was the chief engineer
and general superintendent of construction for this branch of the Mis-
souri Pacific Railway. No other agent seems to have been upon the
ground or exercised any authority whatever in the construction of this
road for appellant; and the authority exercised by him, as detailed by the
witnessses, seems to us to have been entirely within the scope of the au-
thority that must necessarily be delegated to a general superintendent of
construction of such a work, and in the absence of proof to the contrary
we must so hold. In addition to what we have herein stated as our con-

clusions as to the facts and law of this case, we adopt the conclusions of the trial court as set out in the first part of this opinion.

We find no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered March 14, 1894.

Chief Justice FISHER disqualified and did not sit in this case.

Justice KEY did not sit in this case.