## C. E. PARKS GRAIN CO. v. TOWNSEND.
### (No. 2401.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 10, 1924. Rehearing Denied Jan. 21, 1925.)

**1. Discovery 70—Questions must distinctly embody fact desired to be proved before interrogatories can be taken as confessed.**

Before interrogatories can be taken as confessed under Vernon's Sayles' Ann. Civ. St. 1914, art. 3685, questions must distinctly embody fact desired to be proved.

**2. Discovery 70—Litigant may make interrogatories to adversary leading in form.**

In taking ex parte deposition of adversary, litigant may make interrogatories leading in form and thus embody fact he desires to prove, which may be taken as confessed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3685, if adversary refuses to answer or answers evasively.

**3. Discovery 70—Interrogatories to defendant held not within statute as to confession by evasive answers.**

Interrogatories to defendant as to whether he denied all liability to plaintiff for failure to deliver cane seed as contracted for, on what

he based denial of liability, his reason for refusal to pay draft, and whether he ever wrote to his agent about controversy, embodied no facts and hence could not be taken as confessed under Vernon's Sayles' Ann. Civ. St. 1914, art. 3685, by evasive answers.

**4. Discovery ⊚═68—Answers to interrogatory held sufficient, though one was not responsive to question.**

Witness' statement, in answer to interrogatory, as to market price of red top cane seed as compared with that of country run seed, which he stated was practically all seed bought by him, *held* sufficient, with his answer to another interrogatory as to prevailing market prices of commodities named, to show that he was buying country run seed at certain prices, though latter answer was not responsive.

**5. Sales ⊚═416(2)—Existence of quoted market for cane seed having market price, immaterial in action for failure to deliver.**

Whether there was quoted market for cane seed during certain period *held* immaterial in action for breach of contracts by failure to deliver such seed, if there was existing market price as stated by witness in answer to interrogatories.

**6. Principal and agent ⊚═119(1)—Agency presumed general in respect to business with which concerned.**

Agency proved without showing its extent is presumed to be general, not special, in respect to business with which concerned, and third persons dealing with agent may so presume, in absence of notice to contrary, though agency may be special as between principal and agent.

**7. Principal and agent ⊚═123(7) — General agency, giving rise to presumption of full authority to make contracts, held established.**

Evidence *held* to show general agency of one in charge of grain dealer's office, so as to give rise to presumption that he had full authority to make contracts for sale of grain.

**8. Sales ⊚═50—Seller held not estopped to deny agent's execution of contracts by failure to deny authority to make them.**

Grain dealer failing to deny authority of general agent to make contracts for sale of grain, on being informed of their execution by buyer, *held* not estopped from afterwards denying that agent actually executed contracts; dealers plea of non est factum in action for breach thereof putting in issue fact of execution of as well as authority to make contracts.

**9. Sales ⊚═50—Seller held not estopped by silence to deny agent's execution of contracts.**

Grain dealer *held* not estopped to deny agent's execution of contracts of sale by silence on such issue, when informed of contracts by buyer, where buyers did not alter position because of such silence, and dealer had never seen contracts at such time.

**10. Principal and agent ⊚═166(1)—Principal not bound by agent's contract by acquiescence or ratification without knowledge of facts.**

Principal cannot be bound by agent's contract by acquiescence or ratification without full knowledge of all facts.

**11. Sales ⊚═53(1)—Evidence of agent's execution of contracts for principal held insufficient for jury.**

Evidence *held* insufficient to take to jury question of agent's execution of contracts for sale of grain on defendant principal's behalf.

**12. Appeal and error ⊚═1056(6)—Exclusion of deposition held harmless error where evidence did not warrant recovery.**

Error in excluding witness' deposition as to market prices of cane seed, in action for breach of contracts by failure to deliver, *held* harmless to plaintiff, in view of insufficient evidence of agent's execution of contracts in defendant's behalf, so that no other judgment than that for defendant could have been rendered.

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Action by the C. E. Parks Grain Company against W. T. Townsend. Judgment for defendant, and plaintiff appeals. Affirmed.

R. A. Sowder, of Lubbock, for appellant.
D. H. Culton, of Tulia, for appellee.

HALL, C. J. The Parks Grain Company, a partnership, filed this suit against appellee Townsend to recover the sum of $1,350 damages, for breach of two contracts of sale of cane seed. The defendant, Townsend, answered, by a plea of non est factum, denying the authority of Ricks to execute the contracts for him and in his name. Plaintiff's firm, by supplemental petition, allege that if Ricks did not in fact have the authority, that the defendant had held him out as having such authority, and because plaintiff had relied upon such apparent authority, defendant was estopped to deny that Ricks was his agent with full authority to execute the two contracts sued upon. The first two propositions complained of the court's action relative to depositions. The plaintiffs moved the court to have the answers of the defendant, Townsend, to certain interrogatories propounded to him by the plaintiffs ex parte, to be taken as confessed. Defendant was first asked if he denied all liability to the plaintiff on account of his failure to deliver the three cars of cane seed as contracted for in August. This was answered in the affirmative. He was then asked, "If you do, on what do you base it?" He answered, "On advice of my attorney, which I consider a confidential communication, he advising me there is no legal liability." He was then asked, "Have you stated all the reasons why you denied owing

C. E. Parks Grain Company, account of failure to deliver?" This was answered in the affirmative. He was further asked:

"Is there any other reason why you refused to pay this draft? A. Yes; so far as I remember.
"Q. Please state it fully, if such exists. A. On advice of my attorney."

He was then asked if he ever wrote to his employé, Ricks, about the controversy after it arose, and was requested to attach copies of such letters with the replies. He answered this in the affirmative, but stated that he did not attach copies of the letters because they were about 20 miles from where his deposition was being taken, and he was not aware that they were needed. It was shown that the witness had been served with a subpœna to appear and answer two days before the interrogatories were propounded. It will be observed that plaintiff did not move to suppress the depositions because the witness had not answered, or had answered evasively. The purpose of the motion was to take the interrogatories as confessed.

[1-3] Before interrogatories can be taken as confessed, under the provisions of V. S. C. S. art. 3685, the questions must be so framed as to "distinctly embody the fact desired to be proved." Church v. Waggoner, 78 Tex. 200, 14 S. W. 581. None of the above questions embody any fact. In taking the ex parte depositions of his adversary, a litigant has the right to make his interrogatories leading in form, and may, in that way, embody the facts he desires to prove. Under such circumstances, if the party interrogated refuses to answer, or answers evasively, then, under the statute, they could be taken as confessed.

[4] The statute cannot be applied in appellant's favor in the instant case. The following interrogatory was propounded to Robert Nicholson: "If you have stated that you are acquainted with such prices of the commodities named, please state what was the prevailing prices on the market for such during the time mentioned." The witness answered: "I was buying the country run seed from $1.88 to $1.95 per 100 pounds bulk basis, delivered Texas common points, as shown by copies of invoices hereto attached, marked exhibits," etc. The exhibits showed the purchase and sale of cars of grain in Texas, Oklahoma, and Kansas points. The appellant moved to quash the answer to the fourth interrogatory because it was not responsive. Appellant was trying to establish the market price of red top cane seed of the crop of 1921 when recleaned and delivered in bulk in cars at Texas common points during December, 1921, and January, 1922. In answer to the third interrogatory, the witness said that he became acquainted with the market price of such a commodity during that period, and that it was from 10 to 20 cents per 100 more than country run seed, depending upon the amount of broken grain and trash found in the sample of country run seed. He further stated, in reply to the third interrogatory, that practically all of the seed bought by him was country run seed, not recleaned. We think this answer, when considered with the answer to the fourth interrogatory, sufficiently disclosed the facts which the appellant was trying to establish. The rule with reference to the sufficiency of a deposition as against a motion to suppress is held in Harrison v. Knight, 7 Tex. 47, to be that: "If all the interrogatories * * * be substantially answered, it is not necessary that the answers should correspond numerically with the interrogatories," and they will be taken as sufficient if the interrogatories are answered when the deposition is considered as a whole, unless it would result in injustice to the complaining party.

[5, 6] The witness Nicholson was asked by the fourth cross-interrogatory, if it were not a fact that there was no "quoted market" for cane seed during the period mentioned. He replied that there was no seed exchange on which quotations were daily made, but that during the time mentioned he was in the market for seed, inquiring of various producers in Texas, Oklahoma, and Kansas by wire, telephone, and letter, and purchased from those who made the best quotations. Whether there was a "quoted market," was immaterial if there was, in fact, an existing market price. The witness testified that there was a market price, that he knew what it was, and stated it. We think the court erred in sustaining the motion to strike the depositions of Nicholson. The next question to be considered is the sufficiency of the evidence which tended to prove the authority of Ricks to execute the contracts sued upon, and whether, under the facts shown, the trial court was justified in directing a verdict against appellant. The fact that Ricks was the agent of Townsend, and in charge of Townsend's Amarillo office, is admitted. If agency is proved without showing its extent, it is presumed to be general and not special, not in respect to everything, but only in respect to the business with which the agency is concerned, and third persons dealing with an agent have the right to presume that his agency is general in the absence of notice to the contrary, even though, as between principal and agent, it may be only a special agency. 2 C. J., p. 920; Pullman Palace Car Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 624; Mo. Pac. Ry. Co. v. Simons, 6 Tex. Civ. App. 621, 25 S. W. 996; Hazelrigg v. Naranjo (Tex. Civ. App.) 184 S. W. 316; A. T. & S. F. Ry. Co. v. Bryan (Tex. Civ. App.) 37 S. W. 235; Collins & Douglas v. Cooper, 65 Tex. 460.

[7] S. E. Cone, one of the plaintiffs, testified that he had discussed the two contracts

in question with appellee, Townsend, after they were made, and that Townsend told him he knew nothing about them being made until after they were made; that Ricks was then gone, but that Townsend did not deny the authority of Ricks to make the contract. He further said that he received the contracts through the mail from the Townsend Grain Company, from Amarillo, in the Townsend Grain Company's envelope. Townsend himself testified by deposition that Ricks worked for him in charge of his Amarillo office in August, 1921, and, "It is a fact that I placed Mr. Ricks in charge of that office, because of my confidence in his integrity and his ability as a grain man. It is not a fact that I instructed Ricks prior to August 26, 1921, to sell red top cane seed, as well as other grain for my account; the fact is, no instructions were ever given regarding cane seed or any other seed, but Ricks was expected at all times to handle the affairs of that office in an honorable and legal way." The inference from this testimony is that Ricks was in full charge of Townsend's Amarillo office without any special instructions or definite limitations with reference to his duties and authority. Why his authority was not limited is, as expressed by Townsend, because he had confidence in his integrity and ability as a grain man, and expected him at all times to handle the affairs of the office in an honorable and legal way. The fact of general agency being shown, the presumption is that Ricks had full authority to make the contracts in question. He was in charge of a grain dealer's office. Townsend was engaged in buying and selling grain. Appellants had the right to assume that Ricks could bind Townsend by the contracts.

[8] There remains to be considered the sufficiency of the proof that Ricks did execute the contracts in question. It appears from Cone's testimony that when Townsend was informed of the fact that the contracts had been made by Ricks, he denied neither the authority of Ricks, nor the fact that they had been made.

[9, 10] It is not shown that, when Cone talked to Townsend about the contracts, that the latter had at that time ever seen them. The failure of Townsend at that time to deny the authority of Ricks to enter into such a contract does not estop him from afterwards denying that Ricks did actually execute them. Townsend's plea of non est factum put in issue both the authority of Ricks to make such a contract, and the fact of the execution of the contracts by Ricks. Brashear v. Martin, 25 Tex. 202.

[11] There is no element of estoppel arising in favor of appellant by reason of Townsend's silence upon the issue of the actual execution of the contracts by Ricks, because it does not appear that the appellants altered their position by reason of such silence, nor can his silence be construed as an admission that Ricks did execute the contracts, because it is not shown that he had ever seen them at that time. He could not be bound upon the principles of acquiescence or ratification, without full knowledge of all the facts. Under the circumstances, his failure to speak was not competent evidence to go to the jury, there being no proof that the name Townsend Grain Company affixed to the contracts by a typewriter was the act of Ricks. The appellants did not discharge the burden placed upon them by the appellee's plea of non est factum. There was no proof that any other contracts had ever been signed by Ricks in this way, and the mere receipt of the contracts from Amarillo in an envelope of the Townsend Grain Company was not of such probative force as to require the submission of the issue to the jury.

[12] Since no other judgment could have been rendered under the evidence, the error of the court in excluding Nicholson's deposition is harmless, and the judgment is affirmed.