JOHNSON v. JOHNSON. (No. 3053.)

(Court of Civil Appeals of Texas. Texarkana. April 16, 1925.)

1. Appeal and error ⊛➡916(1)—Material averments of cross-bill on which judgment rendered accepted as true, in absence of statement of facts.

Where judgment was rendered for defendant on his cross-bill, appellate court must accept as true all material averments thereof, in absence of statement of facts.

2. Husband and wife ⊛➡47(3)—Love and affection sufficient consideration for conveyance of real estate by husband to wife.

Love and affection alone constitute good legal consideration for conveyance of real estate by husband to wife.

3. Husband and wife ⊛➡47(3) — Undivorced wife's promise to resume marital relation confers no contractual right on husband which he did not previously have.

The promise of an undivorced wife to live with her husband and perform her marital duties is only a repetition of promise made at time marriage relation was entered into, and confers on husband no contractual right or benefit, which he could not previously claim, and did not constitute a valuable consideration

for conveyance of real estate by husband to wife.

**4. Contracts ⬤⟿75(1)—Promise to do that which promisor already legally bound to do not a "valuable consideration."**

A promise to do that which promisor is already legally bound to do cannot be classed as a valuable consideration in making of contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Valuable Consideration.]

**5. Cancellation of instruments ⬤⟿1—Covenants ⬤⟿104—Action for damages, not suit to rescind, is remedy for breach of covenant in absence of fraud.**

The remedy for breach of covenant which is not a condition upon which title rests is action for damages, and suit for rescission will not lie except for fraud in the transaction.

**6. Divorce ⬤⟿249(1)—Husband conveying real estate to wife on promise of wife to resume marital relation held not entitled to cancellation where no fraud shown.**

Where husband conveyed real estate to wife on her promise to resume marital relationship, such promise was only a covenant, and on breach thereof, husband was not entitled to judgment in divorce action canceling conveyance, where no fraud was proved or charged, but only issue was failure of wife to fulfill her promise.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit for divorce and for partition of community property by Mrs. Dixie Johnson against Fill Johnson, in which the defendant filed a cross-bill seeking divorce and cancellation of conveyance of certain real estate to wife. Judgment was entered, granting defendant a divorce and canceling conveyance, and plaintiff appeals from latter portion of judgment. Judgment canceling conveyance set aside, and cause remanded for further proceedings.

House & Wilson, of Dallas, for appellant.
Hiram F. Lively and J. Hardy Neal, both of Dallas, for appellee.

HODGES, J. In April, 1923, Dixie Johnson filed this suit against her husband, Fill Johnson, for a divorce, and also sought a partition of their community property. The ground stated for the divorce was cruel treatment. She alleged that she and her husband jointly owned a house and lot situated at No. 4435, Holland avenue, Dallas, Tex. In November, 1923, the defendant, Fill Johnson, answered denying the charges of cruel treatment, and averring that the house and lot was community property. In a cross-bill he asked for a divorce on the ground of cruel treatment by his wife. After detailing their domestic troubles, which ended in a separation in March, 1923, he pleaded:

"And further specially answering herein and for cross-action against the plaintiff, this defendant denies the material allegations in plaintiff's petition, and says that the allegations of cruelty alleged in plaintiff's petition are not true in whole or in part, but on the contrary defendant alleges the facts to be that during all of the time plaintiff and defendant lived together as husband and wife defendant treated his said wife with kindness and forbearance, conducted himself with propriety, and supported and furnished her with all the necessities of life as far as his financial standing permitted, but that plaintiff disregarding her obligations to defendant, treated him with unkindness and was guilty of unkind, harsh, and tyrannical conduct toward defendant commencing soon after they were married and continuing with but slight interruptions until on or about the 27th day of March, A. D. 1923, at which time defendant was compelled to leave the plaintiff in order to protect himself and to avoid further trouble; that after the plaintiff had left the defendant on or about the 22d day of August, 1922, and after the said plaintiff had, through means of fraud, misrepresentation, and deceit induced defendant to deed her one-half interest in the defendant's separate property, to wit, house and lot situated on Holland avenue, Dallas, Tex., as hereinafter set out, she began a course of cruel and harsh treatment with the sole purpose of compelling this defendant to leave her and their home."

Then follow averments of specific acts of cruelty, not necessary to be here considered. He further pleaded:

"That it is true that in the month of July, 1922, the plaintiff left the defendant and separated from him, leaving his home, as alleged in the plaintiff's petition; that after the plaintiff left the home of this defendant, she declined to return to him and live with him the remainder of their lives unless this defendant would convey to her a one-half undivided interest in said property, and promised him that if he would do so she would return and live with him, love him, and be a true wife to him the remainder of their natural lives, and that if he would make some improvements on the place she would work and help pay the notes for making such improvements; that he made the improvements and created a lien against said property for $500; that he did convey to her, for the consideration of love and affection, and that she would live with him as his wife and help him make their home a happy one, a half interest in said property; but that the plaintiff failed to carry out her part of the contract as to loving and respecting and living with this defendant as his wife, and all consideration for said deed has failed in whole and in part, and the plaintiff has no interest whatever in said property by reason of the failure of the consideration on the part of the plaintiff to keep her said contract."

The petition closes with a prayer for a divorce upon his cross-bill, a partition of some community personal property, and the cancellation of the conveyance of the undivided half interest in the Holland avenue house and lot.

In response to special issues, the jury found that the material averments respecting the cruel treatment set out in the plaintiff's petition were untrue, and that those charged in the cross-bill of the defendant were true; that the defendant had conveyed to the plaintiff a one-half interest in the Holland avenue property in consideration of love and affection, and that she would return to him and live with him as his wife and help him make their home a happy one; and that she failed to perform that part of her contract. Upon those findings a judgment was entered denying the plaintiff's prayer for a divorce and a division of the property, but granting a divorce upon the cross-bill of the defendant. The judgment also canceled the deed conveying the undivided half interest in the Holland avenue property. The plaintiff below, appellant here, has appealed from that portion of the judgment which canceled her claim to the half interest in the house and lot.

[1] In the absence of a statement of facts, we must accept as true all the material averments of the cross-bill. The question then is, Do the facts there stated authorize a judgment setting aside and canceling the deed conveying to the appellant a half interest in the Holland avenue property? We are of the opinion that it did not.

[2-4] Love and affection alone constituted a good legal consideration for the conveyance of real estate by a husband to his wife. No other is needed. The promise of an undivorced wife to live with her husband and perform her marital duties is only a repetition of the promise made at the time the marriage relation is entered into. A renewal of that promise can confer upon the husband no contractual right or benefit which he could not previously claim. The second obligation could be no more binding than the first. A promise to do that which the promisor is already legally and morally bound to do cannot be classed as a valuable consideration in the making of contracts. If there was no distinct legal value in the promise of the wife to continue to live with her husband, then he lost nothing by her failure to perform it.

[5] But treating the appellant's promise to faithfully perform her marital duties in the future as an obligation constituting a valuable consideration in law, it was only a covenant, and not a condition upon which the title was to vest or the contract to take effect. The remedy for a breach of such covenants must be sought in actions for damages, not in suits for rescission, except when fraud in the making of the contract is alleged and proved. Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Newman v. Newman (Tex. Civ. App.) 86 S. W. 635, 636; Moore v. Cross, 87 Tex. 557, 29 S. W. 1051; Elliott v. Elliott, 50 Tex. Civ. App. 272, 109 S. W. 215, 1142; Odom v. Odom (Tex. Civ. App.) 139 S. W. 900; Selari v. Selari (Tex. Civ. App.) 124 S. W. 997.

[6] In the absence of a statement of the evidence, we cannot assume that fraud was proved unless fraud was charged. The only language in the cross-bill relied upon as pleading fraud is the following:

"That after the plaintiff had left the defendant on or about the 22d day of August, 1922, and after the said plaintiff had, through means of fraud, misrepresentation, and deceit, induced defendant to deed her a one-half interest in the defendant's separate property, * * * she began a course of cruel and harsh treatment for the sole purpose of compelling this defendant to leave her and their home."

At most those are rather general averments, and if they charge fraud do so only indirectly. The true basis upon which the pleader seemed to rely for a cancellation of the conveyance is thus stated:

"That the plaintiff failed to carry out her part of the contract as to loving and respecting and living with this defendant as his wife, and all consideration for said deed has failed in whole and in part, and the plaintiff has no interest whatever in said property by reason of the failure of the consideration on the part of the plaintiff to keep her said contract."

The court did not submit the issue of fraud, but did submit the issue of failure of the appellant to perform her promise to "live with her husband and make their home a happy one." Manifestly, the judgment canceling the conveyance was predicated upon the finding of the jury on that issue. The facts alleged in the cross-bill show that appellant did thereafter resume her marital relations with appellee, and lived with him for several months. Their final separation was later caused by her treatment of his children by a former marriage. The consideration which supported the conveyance in this instance was love and affection, and not the repetition of the marital promise of appellant to live with the appellee. It is true he might have made the performance of that promise a condition upon which the conveyance was to become effective. But that was not done. The deed described in his pleadings was one which took effect at once, and title vested upon its delivery to the grantee.

We conclude that if every fact alleged in the cross-bill had been proven upon the trial, the court was not authorized to render a judgment canceling the conveyance.

The divorce decree will not be disturbed, but that portion of the judgment which undertakes to cancel the deed to the Holland avenue property will be set aside, and the cause remanded for further proceedings in adjusting the property rights of the parties. The costs of this appeal will be taxed against the appellee.