## OLIVER FARM EQUIPMENT SALES CO.
### v. MARTIN.
#### No. 2955.

Court of Civil Appeals of Texas. El Paso.
Jan. 25, 1934.

Rehearing Denied Feb. 15, 1934.

L. E. Elliott and Burgess, Chrestman & Brundige, all of Dallas, for appellant.

George Sergeant and Garland L. Armstrong, both of Dallas, for appellee.

WALTHALL, Justice.

On January 10, 1930, Clarence M. Cockrell was the owner of a tract of land on Monroe and Cockrell streets in the city of Dallas, Tex. At that time defendant, Oliver Farm Equipment Sales Company, was a Maryland corporation, with permit to do business in this state, and was desirous of opening up a business in the city of Dallas, Tex.

Plaintiff, E. C. Martin, was an architect residing in Dallas.

About the time stated, negotiations were entered into between C. M. Cockrell and Oliver Farm Equipment Sales Company culminating in an agreement by which Cockrell was to have a building erected on his said tract of land suitable for the needs of Oliver Farm Equipment Sales Company, and which building was to be leased by that company from Cockrell for a period of years.

On January 21, 1930, the lease was consummated. It provided that Cockrell should begin at once to erect the building in accordance with plans and specifications for the building prepared by E. C. Martin, architect, "which said plans, together with the working drawings, details and specifications, shall be submitted to and approved in writing by the President or Vice President of the lessee, * * * erected under the supervision of said E. C. Martin, architect."

The rental to be paid was computed as follows:

(a) The rental on the demised real estate was $4,200 per year.

(b) The rental attributable to the building to be erected was a yearly sum equivalent to a stated per cent. of the cost of the building.

The cost of the building was to be the agreed price appearing in the contract for the erection of the building between the lessor Cockrell and the contractor, "plus extras, if any, thereafter ordered with the lessee's approval, and in addition an architect's fee of three per cent (3%) of such agreed contract price plus such extras, if any."

C. M. Cockrell employed plaintiff, E. C. Martin, to prepare plans and specifications for the erection of the building under an agreement that such plans and specifications were to be paid for by Cockrell. Martin was to discuss the plans and specifications with Oliver Farm Equipment Sales Company as they were made, and which he did.

When completed the plans and specifications were submitted to Oliver Farm Equipment Sales Company and Cockrell, and certain objections were made by each. Martin then revised the plans and specifications and again presented them to both lessor and lessee. They were then approved by both, and bids for the erection of the building were requested from various contractors and a number of bids were received. The bids were several thousand dollars higher than Oliver Farm Equipment Sales Company expected the building to cost. It then developed that the building as planned could not be constructed and that an entirely different building must be planned. What then occurred is made the contention here, and is strongly contested, and we state as facts what the trial court could have concluded the facts to be from the evidence, and necessarily did so conclude.

The negotiations on the part of Oliver Farm Equipment Sales Company had been and at all times were conducted by Louis F. Parker, who, at this stage in the proceedings, directed Martin to prepare new plans and specifications for a wholly different building from that originally planned. At that time the question arose as to who would pay for the architect's fee for the new plans and specifications. Cockrell conceded that he was to pay for the plans and specifications up to that stage and had already done so, and refused to pay for the new ones.

Cockrell and Martin testified that Mr. Parker, speaking for his company, said that his company would pay for the new plans and specifications.

The building was erected on the new plans and specifications.

We have not found from the record that the architect's fee for the new plans and specifications is included in the costs of the building as provided in the lease, and no such contention is made. Such fee has not been paid. In this suit the architect, Martin, sues the Oliver Farm Equipment Sales Company to recover the value of his services for preparing the new plans and specifications used in erecting the building under the lease.

The case was tried without a jury and judgment rendered in favor of plaintiff, Martin, in the sum of $634, from which judgment defendant company prosecutes this appeal.

### Opinion.

 The trial court made no findings of fact, and the only conclusions of law in the record are expressed in the judgment. Appellant submits that any promise made by Mr. Parker for appellant to pay Mr. Martin anything by way of an extra compensation for revision of the plans. and specifications was wholly without consideration, and for that reason the judgment against appellant was error.

There might have been some question as to who should pay for the service of preparing the new plans and specifications, but we do not think that the promise to pay for the revision, the new plans and specifications, would wholly fail for want of consideration. Revision of the first plans and specifications was called for; the necessity for new plans for a building different from the plans of the first building was discussed at the time by the parties at interest and agreed upon; Martin was called upon to prepare them; he did so upon the condition that he be paid extra for them. Cockrell declined to pay for the new plans and specifications, and Parker agreed with Martin that his company, appellant, would pay for them, and with such agreement Martin prepared the new plans under the supervision of Parker and they were used in erecting the building that was erected.

The value of Martin's service in preparing the new plans and specifications, and as stated in the judgment, is not questioned.

Now it is true that no consideration exists by virtue of a promise or agreement to do that which the promisor is already bound to do by law or by a valid subsisting contract. Witherspoon v. Green (Tex. Civ. App.) 274 S. W. 170; Johnson v. Johnson (Tex. Civ. App.) 272 S. W. 225; Id. (Tex. Civ. App.) 16 S.W.(2d) 563, on subsequent appeal; Schmidt

et al. v. McCoplin (Tex. Civ. App.) 243 S. W. 605. But the facts here are not such as to make applicable such principle of decision. The facts show that Martin had already prepared and submitted plans and specifications as directed, and as he had assumed to do, and had made changes to such, all satisfactory to both lessor and lessee, and upon which bids for· the building were solicited. It is clear under the evidence, we think, that Martin was within his rights in this insistence to be paid additionally for the second or new plans. We think he was under no legal or contractual obligation to prepare the new plans without additional compensation (the evidence shows that the lessor and lessee so understood). The new plans and specifications are not the identical ones Martin had assumed to prepare and did prepare for the consideration stated in the lease contract and estimated as costs of the building and paid as rentals. We have concluded that the facts of this case are such that the case of Jones & Carey v. Risley, 91 Tex. 1, 32 S. W. 1027, is not applicable.

 Appellant submits that since Martin undertook and did prepare the plans and specifications under the lease contract, he was bound by the knowledge obtained from the lease to the effect that Parker had no power or authority to bind appellant to pay for any new plans or revision of the old, and was, therefore, not entitled to rely on the doctrine of apparent authority; hence the judgment was error.

We find nothing in the lease contract, referred to in the proposition, to notify Martin that Parker had no authority to agree with Martin that appellant would pay for the extra or new plans and specifications in controversy. It is true, as suggested, that Parker was not a party to the lease contract, and' in making the lease. The lease does show that the architect's fee was to go into the costs of the building and paid by appellant in rentals. The building was to be erected in accordance with plans and specifications prepared by Martin, architect, that Martin should be the supervising architect on the building. Otherwise Martin was in no wise a party to the contract.

Mr. Parker testified that he was employed by Oliver Farm Equipment Sales Company "* * * as superintendent of Building and Real Estate"; stated his duties in detail, and among them were "To make * * * recommendations with respect to the sale, purchasing or leasing of properties and the supervision of the construction of new buildings and

the making of repairs, * * * and as to this building, to examine submitted plans and specifications for the construction of the building and to recommend their approval to the General Manager."

Witness Parker stated that he was the officer of appellant company who carried on the negotiations terminating in the lease contract with Cockrell, "under the direct supervision of Mr. R. C. Rolfing, General Manager and Vice President, with whom I consulted from time to time as the negotiations proceeded."

We do not concur in appellant's statement that Parker had no authority, actual or apparent, to make the alleged contract with Martin. He was appellant's superintendent of its building undertakings. He was appellant's agent in effecting the lease with Cockrell. The lease contract shows that the building in contemplation was to be erected under plans and specifications prepared by Martin, and the undisputed evidence shows that Parker was in charge of and superintending the erection of the building and supervising the making of the plans, etc. Parker, at the time of the agreement, was dealing with the architect named in the lease. The record shows that no representative or agent of appellant, other than Parker, took any part in effecting the lease contract with Cockrell, or planned the building, except that appellant executed the lease by Mr. Rolfing, its vice president. We think there is nothing in the record to show that Martin had notice of any limited powers in Parker to contract for plans for the building. Where the agency of Parker is established to exist as here, it is presumed to be general and not special. Missouri Pac. Ry. Co. v. Simons, 6 Tex. Civ. App. 621, 25 S. W. 996, 998, and cases cited.

Mr. Parker, in promising to pay for the extra plans, was at least acting within the apparent scope of his authority.

Appellant submits that appellee's petition is based upon a direct promise of Parker to pay appellee and the evidence fails to show the contract declared on.

Several witnesses, including Martin, testified to a direct promise by Parker that his company would pay Martin for the new plans and specifications. Appellant's proposition is based upon the construction placed upon what Martin said in part on cross-examination, in which Martin said: "I am of the opinion that it (the pay to him of the fee for the new plans and specifications) was to be allowed as an extra; yes, I thought at that time that that would be the way to handle it. Mr. Parker at that time had the privilege of either paying me in cash or allowing that as an added item of cost including it as a basis upon which to compute their rentals and let me get my money, and it was immaterial to me how he did it. I understood that he was underwriting the thing and in some way or other I would get my money out of it, but as to how it was paid I did not care."

It will be noted that nowhere in the above statements does Martin give the verbiage of Mr. Parker, but states only his opinion as to how the fee, when paid, in cash to him, would be worked out in the matter of costs on the building to be paid Cockrell in rentals. The evidence taken alone is indefinite and somewhat confusing, but taken in connection with his whole testimony and the evidence of other witnesses, the proposition is not sustained.

The case is affirmed.