### J. M. DAVIS v. S. E. PORTWOOD ET AL.

Decided February 7, 1899.

**Statute of Frauds—Parol Gift of Land—Possession and Improvements.**

A parol gift of land is taken out of the statute of frauds where the donor places the donee in possession, promising to make her a deed in fee simple, which he fails to do, and the donee made substantial permanent improvements upon the property and occupied the same for over six years without objection, claiming it exclusively and in her own right.

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*J. D. Cunningham* and *J. S. Woods,* for appellant.

*Wm. H. Allen,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant, J. M. Davis, against S. E. Portwood and husband, Jack Portwood, to recover the land in controversy. W. H. Allen intervened, claiming one-third undivided interest in the land. Judgment was rendered in favor of the defendants Portwoods and intervener Allen, from which Davis appeals.

There is no controversy as to the facts, the case having been tried upon an agreed statement of facts. The court's conclusions of fact are supported by the evidence and the same are adopted as the conclusions of this court, to wit:

1. J. M. Davis, the plaintiff in this case, is the father of the defendant Sarah E. Portwood, and originally owned in fee simple the premises in controversy, which consists of 343 acres of land, and worth $30 per acre.

2. The defendant Sarah E. Portwood married J. B. Elder, July 9, 1888, and he died December 25, 1894, and on May 15, 1897, she married the defendant J. J. Portwood.

3. The plaintiff J. M. Davis on the 25th day of November, 1891, made a verbal gift of the premises in controversy to his daughter, the defendant Sarah E. Portwood (then Elder), and placed her in possession, promising to make her a deed thereto in fee simple, but has never made such deed.

4. At the time the premises in controversy were given to said defendant, she was living with her husband, J. B. Elder, upon a homestead of

120 acres of land, worth $3475, on which she owed $1750, and by reason of said gift she moved off of and abandoned said homestead and moved upon the land in controversy, which she has continuously occupied as her homestead since.

5. After moving off of the 120 acres homestead the defendant's husband, J. B. Elder, became involved financially, and said 120-acre tract was purchased by the plaintiff, J. M. Davis, on a debt of $1700, due him by said Elder, and the assumption by Davis of a lien thereon of $1750.

6. At the time the defendant was placed by plaintiff in possession of the premises in controversy, there were 93 acres of land in cultivation.

7. During the time the defendant Sarah E. Portwood has been in possession of said premises she has kept the same in repair and made in good faith the following permanent and valuable improvements thereon: has built 1250 yards of fence worth $57.50, a string of hog fence worth $76.10, painted house at cost of $75, built chimney worth $10, built flues worth $7, planted an orchard of fifty trees at expense of $7.50; in 1893 and 1894 she broke up and put into cultivation 110 acres of raw land at an expense of $330, and she has paid all the taxes for the six years she has occupied the premises, which taxes amount in all to $305.10. The improvements made by the defendant I find to be beneficial and to have enhanced the value and usefulness of the place.

8. The rental value of the 93 acres in cultivation was $4 per acre per year, of the 100 acres pasture $1 per acre per year, and of the 150 acres meadow $1.25 per year, making the total rental value for the six years of occupancy by defendant $3955.

9. The plaintiff has kept the house and barn insured at a cost of about $30 per year, because the deed was in the plaintiff as suggested by the insurance agent.

10. The improvements made by defendants were made with the knowledge and consent of plaintiff, and her possession was exclusive and peaceable until in the year 1897, when plaintiff heard of her intended marriage to her present husband, Jack Portwood, and he told her if she married him she must give up the place, and his cause for now demanding possession is her marriage with said Portwood, the formal demand for possession by him being made about November 1, 1897.

11. The possession of the defendant was in her own right; the plaintiff at the time he gave her the premises placed her in possession and has never demanded any rent from her.

12. The plaintiff owns 1200 acres of black land worth $30 per acre, besides his homestead, and besides the tract of land in controversy, and is worth $40,000 above liabilities.

13. The defendant Sarah E. Portwood, joined by her husband, has conveyed by deed to the intervener, Wm. H. Allen, a one-third undivided interest in the premises in controversy.

*Conclusions of Law.*—There are various assignments of error complaining of the conclusions reached by the trial court, but none in our

opinion are well taken. The equities arising under the facts of this case in favor of defendants render a recovery by appellant inequitable and take the case out of the statutes of fraud. The defendants were entitled to recover and there was no error in the court so holding.

This case falls within the principles enunciated in the following cases, and the discussion of said principles therein renders further remarks by us unnecessary, to wit: Wells v. Davis, 77 Texas, 636; Baker v. De Freese, 2 Texas Civ. App., 524; Baker v. Clark, 2 Texas Civ. App., 530; La Master v. Dickson, 17 Texas Civ. App., 473; 91 Texas, 593.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.