### B. A. INGRAM v. THE STATE.

No. 12173.  Delivered February 27, 1929.
Rehearing denied April 17, 1929.

212

The opinion states the case.

*J. Lee Cearley* of Cisco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, ten years in the penitentiary.

Appellant relied on the defense of an alibi, and by a number of his relatives showed that he was in another and different place at the time of the alleged robbery. This presented a question of fact which the jury resolved against appellant. We are of opinion the evidence is ample to sustain the conviction.

Bill of exceptions Nos. 2, 3, 4 and 7 complain of the sustaining of the State's objections to certain questions, the ground of complaint being that appellant's right to cross-examine the State witnesses was thus unduly limited. One of the questions thus objected to was "Why have you changed your testimony from 'He was standing on the edge of this porch,' and now say 'He was standing on the edge of this porch in front of this door.' " The matters in the other bills mentioned are of about the same degree of materiality. We do not think any right of appellant was taken from him by the refusal of the court to permit or compel the answering of such questions.

Bill of exceptions No. 5 sets out a statement made by appellant's counsel to the court apparently, admitting that he had asked leading questions, etc., and that thereupon the court said that if another such statement was made by counsel he would be fined. We fail to see how this could have injured the rights of appellant.

Bill of exceptions No. 6 is so framed as that we are unable to ascertain the point of complaint, or to make any ruling further regarding same. Bill of exceptions No. 8 sets out a question asked, and the objection made, but fails to inform us what answer, if any, was given by appellant in response to the question. In the absence of a statement of the answer made, we can not appraise the supposed injury.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again insists that error is shown in his bills of exceptions two, three, four and seven. We have re-examined them in the light of the motion. Appellant takes the position that Allen, the party alleged to have been robbed, had testified on the trial differently from the testimony given by him on the habeas corpus proceeding and that appellant was curtailed in his cross-examination of Allen regarding the discrepancy in his testimony. All of Allen's testimony given on the habeas corpus hearing found its way into the record and is before us. We have been able to discover little, if any, variance in the statement made by him on the trial and as made upon the habeas corpus hearing, and no variance which appears to be of a material character. We are still unable to discover that appellant was deprived of any substantial right by the rulings complained of. We have examined other bills of exception referred to in appellant's motion and believe that they were properly disposed of in the original opinion.

The motion for rehearing is overruled.

*Overruled.*