ARCHIE WILLIAMS V. STATE.

No. 24348. April 20, 1949.
Rehearing Denied June 1, 1949.

*Murray J. Howze,* Monahans, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is murder with malice. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant's first complaint relates to the court's action in declining to peremptorily instruct the jury to acquit him. We are of the opinion that under the evidence he was not entitled to such an instruction.

The state's evidence, briefly stated, shows that on the night in question the deceased and his brother-in-law, Burbin Bolts, went from Pecos to Monahans where the deceased, appellant, and others engaged in a game of dice. A dispute arose between appellant and the deceased over a bet, which the deceased, for some reason not disclosed by any evidence, declined to pay. The deceased's brother-in-law, Bolts, was on the outside and called to the deceased to come out that no one was going to hurt him. However, appellant had gone out of the back door of the place where the game had been in progress, had picked up a piece of 1x4 timber about three feet long and had taken his position on the side of the wall near the south door. When the deceased started out of that door and had reached the steps, appellant struck him with that piece of timber and crushed his skull, from the effects of which he died immediately.

Appellant's plea was self-defense which he supported by his own testimony and in a measure by that of Robert Johnson.

The court, in his charge, instructed the jury on the law of murder with and without malice, on aggravated assault, and on self-defense. The only objection urged to the court's charge was that an instruction on the law of murder with and without malice was not called for by the evidence, since the appellant struck the deceased but one lick and fractured his skull at but one place. We are unable to agree with appellant and therefore overrule his contention.

Bills of Exception Nos. 1 and 2 may be considered and disposed of together since in both he complains of an alleged error on the part of the court in reprimanding appellant's counsel in the presence of the jury for having disobeyed the court's ruling relating to the action of counsel in propounding leading ques-

tions to appellant and his witness, Robert Johnson. The bills are qualified by the court who states in his qualification thereof that counsel on direct examination of appellant's witness Johnson and appellant asked leading questions whereupon the district attorney requested the court to strike the question and answer of the witness and to instruct counsel not to propound leading questions. The court sustained the objection and instructed counsel accordingly; but notwithstanding such instruction, counsel continued to ask leading questions, whereupon, the court did reprimand him. It occurs to us that the court was justified under the facts here disclosed in resorting to the means employed in order to enforce compliance with his ruling. See Stripling v. State, 47 Tex. Cr. R. 117 (80 S. W. 376); and Ingram v. State, 112 Tex. Cr. R. 211 (16 S. W. 2d 563); Redwine v. State, 87 Tex. Cr. R. 387 (221 S. W. 605); Nichols v. State, 97 Tex. Cr. R. 174 (260 S. W. 1050).

By Bill of Exceptions No. 3 he complains of the court's action in declining to submit his special requested charge to the jury to return a verdict of not guilty. There is no merit in the bill since there was ample evidence upon which the jury could base their conclusion of his guilt.

Bills of Exception Nos. 4, 5, and 6 are, in our opinion, without merit. To discuss them would only extend this opinion and serve no useful purpose.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in overruling his Bills of Exception Nos. 1 and 2, touching the action of the trial court in reprimanding appellant's counsel as a result of the repeated asking of leading questions.

Orderly procedure for the trial of a criminal case requires that a trial court be vested with power to control the conduct of counsel during the trial and in the examination of witnesses. A judgment of conviction will be reversed on account of a ruling in this respect only when an abuse of the trial court's

discretion or resulting injury is shown. 42 Tex. Jur., Sec. 141, p. 182.

Viewing the record before us in the light of a punishment of five years, we are unable to reach the conclusion that reversible error is reflected.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.