**Luis DURAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47642.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Rehearing Denied March 13, 1974.

Pat Priest, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien Campbell and Richard Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of heroin; the punishment, imprisonment for twenty-five years.

The evidence shows the sale of heroin by the appellant to an undercover agent; its sufficiency is not challenged.

■ For the first time on appeal the appellant challenges the jurisdiction of the trial court. He urges that the order of transfer was improper because it was not made by the presiding judge of the Bexar County District Courts who he says because of the requirements of Article 199, Section 37, Subsection (H), Vernon's Ann.Tex. Civ.St., must sign the transfer order. The same judge signed the order transferring the indictment from the 186th District Court, where it had been filed, and receiving it for the 144th District Court where the trial was held.[1] If any defect existed in the order of transfer it was incumbent upon the appellant to raise such question prior to the verdict and since he failed to do so the defect is waived. Torres v. State, 278 S.W.2d 853 (Tex.Cr.App.1955). If this question was properly presented for review it appears a similar one was decided adversely to the appellant's contention. See Eggleston v. State, 422 S.W.2d 460 (Tex.Cr.App.1967).

■ The appellant complains in ground of error number four that he was precluded from attacking the credibility of the State's principal witness because the trial court granted a motion in limine presented by the State. The Court's order directed appellant's counsel not to attempt to impeach the State's witness on collateral matters which were irrelevant and immaterial. The Court made it clear that proper cross-examination would not be restricted. The record fails to show what testimony the appellant attempted to obtain on cross-examination of the witness which precluded his attack upon the witness's credibility. No error is shown. See Mabry v. State, 492 S.W.2d 951 (Tex.Cr.App.1973); Alexander v. State, 476 S.W.2d 10 (Tex.Cr.

App.1972); Burton v. State, 471 S.W.2d 817 (Tex.Cr.App.1971); Lee v. State, 455 S.W.2d 316 (Tex.Cr.App.1970).

Ground of error number five complains of the Court's admonishment of appellant's counsel. Three specific instances are called to our attention:

1. Counsel was admonished that his questions which had been asked five times were argumentative and repetitious and that counsel was testifying though not under oath.

2. On another occasion the Court told counsel that his question called for a rank conclusion and that counsel's remark in reply to the Court's ruling was completely unjustified. At this time the Court removed the jury and in its absence finished admonishing counsel.

3. During the State's closing argument defense counsel made a statement in connection with an objection which prompted the Court to admonish him that he had had his opportunity to argue and not to engage in jury argument while the prosecutor was concluding his argument.

■ We have reviewed the record and find that the admonishments complained of were proper and necessary in order for the Court to properly control and conduct the trial. See Sifford v. State, 505 S.W.2d 866 (Tex.Cr.App., delivered Feb. 20, 1974); Joshlin v. State, 488 S.W.2d 773 (Tex.Cr.App.1972); Williams v. State, 220 S.W.2d 663 (Tex.Cr.App.1949); Stripling v. State, 47 Tex.Cr.R. 117, 80 S.W. 376 (1904).

■ In ground of error number six the appellant asserts that he was prevented from questioning a witness as to how he had been coached by his superiors "about the law of entrapment and so forth." No attempt was made to obtain answers to counsel's questions for a bill of exception;

---

1. The record does not show who was the presiding judge at the time the indictment was transferred by the order. The order designating the presiding judge attached to appellant's

brief is not properly before us for consideration. See Devereaux v. State, 473 S.W.2d 525 (Tex.Cr.App.1971) and Jones v. State, 478 S.W.2d 937 (Tex.Cr.App.1972).

therefore, the record does not reflect what the witness's testimony would have been and nothing is preserved for review. Mabry v. State, supra; Alexander v. State, supra; Lee v. State, supra.

Ground of error number seven is that:

"The trial court erred in failing to grant a defense motion for mistrial when the prosecutor went completely outside the record to explain the absence of a witness and bolster the credibility of the witness Chavera."

■ The objection at the time of trial was that "there is no evidence about one hundred-thirty odd." The prosecutor argued that a stool pigeon, who was with the undercover agent when the sale of heroin was made but who did not testify, had "snitched on a hundred-thirty odd of the peddlers." The appellant's objection was sustained and at counsel's request the Court instructed State's counsel to stay in the record. The prosecutor continued his argument stating that as he recalled the testimony of the undercover agent he had made "one hundred-thirty odd cases." Objection was then made by appellant's counsel which contained a lengthy argument not pertinent to the objection without giving the trial court a chance to rule on the objection. He then asked for a mistrial which the Court overruled. The record fails to show that any error was preserved. Counsel did not request that the jury be instructed to disregard the complained of argument. Such an instruction under the circumstances would have adequately protected the appellant's rights. See Ortiz v. State, 490 S.W.2d 594 (Tex. Cr.App.1973); Blassingame v. State, 477 S.W.2d 600 (Tex.Cr.App.1972).

■ Appellant's first two grounds of error are that he was denied the effective assistance of counsel. The docket sheet in the record shows that the appellant was represented on the trial by "hired" counsel. The constitutional right to counsel does not mean errorless counsel and counsel is not to be judged ineffective by hindsight. The adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation. See Rascon v. State, 496 S.W.2d 99 (Tex.Cr.App. 1973); Gregory v. State, 495 S.W.2d 891 (Tex.Cr.App.1973); Scales v. State, 494 S.W.2d 875 (Tex.Cr.App.1973); Jackson v. State, 491 S.W.2d 155 (Tex.Cr.App.1973); Thompson v. State, 493 S.W.2d 913 (Tex. Cr.App.1971). We have reviewed the record in light of the above standards and find that the appellant's right to the effective assistance of counsel accorded by the Sixth Amendment to the Constitution of the United States has not been denied.

The judgment is affirmed.

Opinion approved by the Court.